THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LYLE KENT, Defendant-Appellant.
Third District   No. 76-180

Opinion filed June 30, 1977.

Louis Olivero, of Peru, for appellant.

Donald Knuckey, State's Attorney, of Lacon, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a bench trial the defendant, Lyle Kent, was found guilty of delivery of a substance represented to be a controlled substance in violation of section 404 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1404). The circuit court of Marshall County sentenced the defendant to a term in the penitentiary of 1 to 3 years.

On this appeal the defendant raises two issues. First, defendant argues the trial court did not properly interpret the statute which the defendant was charged with violating and second, even if the statute was properly interpreted, the evidence was insufficient to support his conviction.

On March 19, 1975, Carl Roberts, Kevin Harris, John Weger and Randy Longman played hooky from school. Instead of attending school, they played pool in Henry, Illinois. Around noon, they met Kevin Harris' sister, Debbie Wiese, who drove them to a trailer in Crescent Mobile Home Park. At the trailer park, Carl Roberts gave Debbie Wiese money to purchase drugs. She went inside a trailer all alone and returned with a package which she gave to Carl Roberts. She testified that Lyle Kent, the defendant, had sold this to her, and told her it was LSD. No other witness testified to corroborate the testimony of Debbie Wiese. This package was variously described as an envelope with white paper inside, a white piece of paper with erratic pencil markings, a blotter, and aluminum foil.

The four boys were then driven back to Henry by Debbie Wiese. Two of the boys went inside the local hotel and two went down to the river. Later all four rejoined and went to Randy Longman's house, from there to a nearby summer home, and then to Deitsch's pasture, which was near the summer home. The boys later split up and went their own ways.

On the same day, Officer Arnold Parker met Deitsch pursuant to a radio call from Chief Glen Killen of the Henry police. Deitsch led Officer Parker to his pasture where a young boy was observed among the horses requesting to be kicked. The boy was later identified as John Weger. Weger, who was described as incoherent and uncontrollable, was taken to a Peoria hospital for treatment.

At a bench trial before the Marshall County circuit court Lyle Kent was found guilty. The defendant introduced no evidence at this trial.

So far as the evidence is concerned, it is undisputed that no effort was made to chemically identify the substance represented as LSD. It also appears undisputed that the substance delivered was considered to be the substance represented.

Defendant was charged with the violation of section 404 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1404), which provides:

"Except as authorized by this Act, it is unlawful for any person knowingly to deliver or possess with intent to deliver any substance which he represents to be a controlled substance. Any person who violates this Section is guilty of a Class 3 felony. The fine for violation of this section shall not be more than $15,000.00."

This section became effective in 1971 when the legislature adopted the Uniform Controlled Substances Act. This act also repealed the Uniform Narcotic Drug Act then in effect (Ill. Rev. Stat. 1969, ch. 38, pars. 22—1 through 22—49).

Section 38 of the Uniform Narcotic Drug Act provided in pertinent part:

"Whoever agrees * * * to unlawfully sell * * * any narcotic drugs to any person * * * and then sells * * * any non-narcotic liquid, substance or material shall be imprisoned * * *." Ill. Rev. Stat. 1969, ch. 38, par. 22—40.

Although no cases have reached our courts of review interpreting and applying section 404 (Ill. Rev. Stat. 1975, ch. 56½, par. 1404), the defendant argues it should be given the same meaning and construction as section 38, the section repealed by the Illinois Controlled Substances Act in 1971.

A violation of section 38 consisted of three elements. First, an offer to sell a narcotic drug; second, the sale of a nonnarcotic substance and, third, knowledge on the part of the defendant that it was a nonnarcotic substance being sold. *People v. Steele*, 22 Ill. 2d 142, 174 N.E.2d 848; *People v. Harris*, 19 Ill. App. 3d 531, 311 N.E.2d 789; *People v. Bratu*, 123 Ill. App. 2d 92, 259 N.E.2d 598; *People v. Ortega*, 83 Ill. App. 2d 49, 226 N.E.2d 426.

We agree that in this case evidence is lacking that the substance delivered was either a noncontrolled substance or that such fact was known to the defendant. If the prosecution had been commenced under prior section 38, the deficiencies in the evidence would preclude conviction of violation of that statute. The question that remains is whether section 404 is a reenactment of the prior existing section or whether it describes a new offense. In our opinion section 404 does describe a new offense with different elements than prior section 38.

As a preliminary observation, we note section 404 is a special provision adopted by Illinois and was not included in the Uniform Act. The provision appears to be unique since we are unaware of its adoption in

any other State, whether in those States which have adopted the Uniform Controlled Substances Act or those in which the Act is not in effect. The rules for determining legislative intent are discussed at length in *People v. Dednam*, 55 Ill. 2d 565, 304 N.E.2d 627, as an aid in determining legislative intent. The evil to be remedied and the purpose to be obtained are important considerations. There can be little doubt but that the Uniform Controlled Substances Act is generally designed to prevent trafficking in controlled substances.

Defendant insists that section 38, the prior section, was designed to apply to the situation where a seller being suspicious that his prospective buyer might be a narcotics agent decided to try him out or fool him. This is the situation presented in such cases as *People v. Steele*, 22 Ill. 2d 142, 174 N.E.2d 848.

■■ As noted earlier, the language of section 404 is substantially different from that employed in the prior section. We believe this change was deliberate and represented the intention of the legislature to broaden the offenses encompassed within the prior section. We believe a violation of the section requires only that a person knowingly: one, deliver a substance and, two, represents such substance to be a controlled substance. Under the language of the section it is unnecessary to prove the substance was or was not a controlled substance. Hence it is complimentary to section 401 (Ill. Rev. Stat. 1975, ch. 56½, par. 1401), which requires proof of the nature of the substance delivered, *i.e.*, that it is a controlled substance. Even though the nature of some controlled substances may be established without chemical analysis (*People v. Robinson*, 14 Ill. 2d 325, 153 N.E.2d 65), in some cases no such identification is possible if the substance is unavailable for testing as in the instant case. Applying the rules of statutory construction, we hold section 404 does not require the prosecution to prove the substance delivered was a noncontrolled substance.

Finally, the defendant argues he was not proved guilty beyond a reasonable doubt. Even if the People were not required to prove the substance delivered was a nonnarcotic, defendant argues the testimony of Debbie Wiese concerning the representation of the substance by the defendant Lyle Kent was of such poor quality that there is a reasonable doubt of the defendant's guilt. We do not agree.

■■ Debbie Wiese had previously been convicted of a felony and at the time of her testimony was incarcerated in the penitentiary at Dwight for that conviction. Admittedly, she had been told the failure to testify would have some bearing on her potential for parole, a factor which would adversely affect her credibility. Applying the rule that the testimony of a single credible witness is sufficient to support a conviction, .

it is our opinion the judgment of the conviction is supported by sufficient evidence. We do not find the People's evidence so improbable or unsatisfactory that a reasonable doubt of defendant's guilt is created.

For the foregoing reasons the judgment of the circuit court of Marshall County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.