[No. 47619-5.   En Banc.   July 23, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL LLOYD WILSON, *Appellant*.

*C. E. Hormel,* for appellant.

*Paul Klasen, Prosecuting Attorney,* for respondent.

ROSELLINI, J.—The appellant was found guilty as an accomplice in the delivery of a controlled substance (RCW 69.50.401(a); RCW 9A.08.020), and also guilty of violations of RCW 69.50.401(c)(e). The prosecution arose out of the following occurrences, as testified to by the State's witnesses.

On August 27, 1979, an agent of the Washington State Patrol Drug Assistance Unit, one Faust, went with an informant, Wimberly, to the appellant's rented home in Soap Lake. The appellant, who had previously been introduced to Faust by Wimberly, met the two at the door and invited them in. The appellant's wife and baby were present, as was his brother, Paul Wilson. In the appellant's presence, the agent asked Paul if he could buy an ounce of sensamilion (marijuana). Paul told him that he could and quoted a price of $100 per ounce. The agent remarked that the price was high, and at that point the appellant told the agent that it was very good "pot" and well worth the money. The agent agreed to pay $100 and Paul brought the marijuana from under the couch on which he was sitting and delivered it to the agent.

On September 5, according to the agent's testimony, he returned to the address and encountered the appellant working on a motorcycle in the front yard. In the course of their conversation, the appellant told the agent that he had saved a jar of speed for him. He sold the agent a jar of tab-

lets which proved to be ephedrine, a substance which is not controlled.

On October 4 of the same year, the agent, assisted by sheriffs, searched the premises and found 7 grams of marijuana.

The appellant's defense was that he was not present on any of these occasions and that he and his wife and child had not been occupying the house for some time before the raid, although they left their furniture there and his wife returned to the house from time to time to do laundry. His evidence was that he had turned the house over to his brother Paul, who was the person from whom the jar of white pills had been purchased on September 5.

The appellant first contends that there was no evidence to support the verdict on the charge of aiding and abetting the delivery of a controlled substance, for which reason the court erred in denying the appellant's motions to dismiss. Our attention is directed to *State v. Peasley,* 80 Wash. 99, 141 P. 316 (1914), wherein this court said that mere approval or acquiescence is not sufficient to constitute aiding and abetting, and *State v. Gladstone,* 78 Wn.2d 306, 474 P.2d 274, 42 A.L.R.3d 1061 (1970), where we held that a mere statement of opinion is likewise insufficient to render a defendant guilty of that offense, and the recent case of *In re Wilson,* 91 Wn.2d 487, 588 P.2d 1161 (1979), where we held that a person's physical presence at the scene of an offense, with knowledge of what was taking place, would not, standing alone, support a charge of aiding and abetting a crime.

RCW 9A.08.020, liability for conduct of another—complicity, reads in pertinent part:

(1) A person is guilty of a crime if it is committed by the conduct of another person for which he is legally accountable.

(2) A person is legally accountable for the conduct of another person when:

. . .

(c) He is an accomplice of such other person in the commission of the crime.

(3) A person is an accomplice of another person in the commission of a crime if:

(a) With knowledge that it will promote or facilitate the commission of the crime, he

. . .

(ii) aids or agrees to aid such other person in planning or committing it; . . .

It is first suggested that the appellant took no active part in the sale of marijuana to the agent, but was "merely present" at the transaction. The theory is that the agent admittedly came to the house intending to make a purchase and that he would have done so had there been no encouraging remarks from the appellant.

None of the authorities cited by the appellant holds that, where it is made an offense to sell a substance, the state of mind of the person to whom the substance is sold is material in determining the culpability of the seller or other participants. Rather, the cases cited are concerned with the degree of participation which amounts to aiding and abetting.

In *State v. Peasley, supra,* this court held that it was error to instruct the jury that the accused should be found guilty if money was stolen by any of his codefendants with his aid or assent. The court said:

> To assent to an act implies neither contribution nor an expressed concurrence. It is merely a mental attitude which, however culpable from a moral standpoint, does not constitute a crime, since the law cannot reach opinion or sentiment however harmonious it may be with a criminal act.

(Citations omitted.) *Peasley,* at 100.

Here, the evidence was that the appellant expressly concurred in the sale of the marijuana, his remarks being calculated to induce the buyer to make the purchase.

In *State v. Gladstone, supra,* an agent had gone to the home of the accused and asked him to sell him some marijuana. Gladstone told the agent that he had none, but that he knew an individual who had some and would be willing to sell it. He gave the agent directions for reaching the

home of this person, and drew him a map. We held that the evidence was insufficient to establish aiding and abetting because it was not shown that there was a nexus between the accused and the party whom he was accused of aiding and abetting. The information given amounted at most, we said, to a statement of opinion, possibly based on campus rumor or innuendo. The court said:

> Although an aider and abettor need not be physically present at the commission of the crime to be held guilty as a principal, his conviction depends on proof that he did something in association or connection with the principal to accomplish the crime.

*Gladstone,* at 312. Two dissenters believed that the evidence was sufficient to justify a finding that the accused intended to aid and abet the seller in making a sale to the agent.

That case is of little aid to the appellant here, who was present and participated in the transaction by touting the product.

Construing RCW 9A.08.020 in *In re Wilson, supra,* we said that a person is not an accomplice merely because he was present at the scene and knew that a crime was being committed. There, a number of juveniles were charged with "reckless endangerment" for stringing an improvised rope across a highway and manipulating it in a manner which constituted a possible hazard to automobile traffic. The accused was seen in the group of young men but was not seen participating in the activity. This court quoted with approval the following from *State v. J-R Distribs., Inc.,* 82 Wn.2d 584, 593, 512 P.2d 1049 (1973):

> One does not aid and abet unless, in some way, he associates himself with the undertaking, participates in it as in something he desires to bring about, and seeks by his action to make it succeed.

We said that in order to establish abetting, the State must show an intent to encourage on the part of the accused. Quite apart from the evidence that the appellant consented to the keeping of marijuana in his home for the purpose of

sale, the intent to encourage was manifest in the appellant's attempt to persuade an apparently reluctant prospect to make a purchase. The fact that the sale would have been completed, even without such encouragement, does not change the nature of the appellant's conduct.

Error is assigned to an instruction which told the jury that a person is an accomplice in the commission of a crime if, with the knowledge that it will promote or facilitate the commission of the crime, he aids in planning or committing the crime, and that a person who is present at the scene and is ready to assist by his or her presence is aiding in the commission of the crime. The appellant's theory is that mere presence, under the instruction, is insufficient to constitute aiding. However, the instruction requires something more—knowledge that the person's presence will promote or facilitate the crime and readiness to assist. The instruction would appear not to be open to the objection made.

It is alleged that RCW 69.50.401(c) denies due process, in that it permits arbitrary convictions. The theory is that because there is no express requirement of intent, a person legally entitled to sell controlled substances might be guilty under this section if he mistakenly or through misdirection delivered the wrong drug. The section provides:

> It is unlawful, except as authorized in this chapter and chapter 69.41 RCW, for any person to offer, arrange, or negotiate for the sale, gift, delivery, dispensing, distribution, or administration of a controlled substance to any person and then sell, give, deliver, dispense, distribute, or administer to that person any other liquid, substance, or material in lieu of such controlled substance. Any person who violates this subsection is guilty of a crime and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both.

RCW 69.50.401(c).

The defendant does not claim that he himself was an innocent seller. Since this is not a First Amendment case, it is governed by the general rule which holds that if an act is constitutional as applied to the defendant, he can-

not object that it may be unconstitutional as applied to others. *State v. Hegge,* 89 Wn.2d 584, 574 P.2d 386 (1978).

Next, the appellant, relying on *State v. Boyer,* 91 Wn.2d 342, 588 P.2d 1151 (1979), contends that guilty knowledge of the nature of the product being delivered is necessary under RCW 69.50.401(c) and that the jury should have been instructed accordingly. In *Boyer,* this court held that the element of intent is inherent in RCW 69.50.401(a), which makes it a crime to deliver a controlled substance. Under our holding there, the burden is on the State to prove that element beyond a reasonable doubt. This holding was based upon our observation that, without the element, "even a postal carrier would be guilty of the crime were he innocently to deliver a package which in fact contained a forbidden narcotic." *Boyer,* at 344.

■ That reasoning is inapplicable here. It is impossible for one to contract for the delivery of a controlled substance without knowing what he is doing, since to contract involves an intentional act. When a party has entered into such a contract and then makes a delivery in compliance with the agreement, he is guilty of delivery of a controlled substance under RCW 69.50.401(a). The element of guilty knowledge required under *Boyer* would be established by proof of the contract to deliver. If, on the other hand, he delivers some other substance, he has nevertheless committed a crime under RCW 69.50.401(c).

It is thus evident that the legislature, in enacting the latter provision, was concerned with the conduct of contracting to deliver a controlled substance and thereafter making a delivery, ostensibly pursuant to that contract. Even though the accused may have delivered a substitute substance, thinking it was the one contracted for, his culpability would be no less, for in either case it was his intent to violate the law. Consequently, we cannot agree that knowledge of the nature of the substance delivered is an element which the State must prove in a prosecution under this section.

■ The appellant urges that there was insufficient evi-

dence upon which to convict him of the misdemeanor of possession of less than 40 grams of marijuana. While the appellant's evidence, if believed by the jury, would have established that he did not have possession or control of the premises upon which the marijuana was found, the State's evidence was that he had rented the property in question; that he was the only one to whom his landlord looked for payment of the rent; that the landlord had seen him at the premises during the time he had allegedly been living elsewhere; that his furniture remained at the house, and that his wife admitted being there for purposes of doing the laundry. From these circumstances, the jury could infer that the appellant was in possession and control of the premises and its contents at the time of the search. The issue was one which turned on credibility, and thus was within the province of the jury to decide.

Finding no error, we affirm the judgment of the trial court.

BRACHTENBACH, C.J., and STAFFORD, UTTER, DOLLIVER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., concur.