[No. 9197-2-I. Division One. December 14, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. MARY ANN PRATHER, *Appellant.*

*Barbara Rupnick* of *Snohomish County Public Defender Association,* for appellant.

*Russ Juckett, Prosecuting Attorney,* and *Russell Jones* and *Linda Antonik, Deputies,* for respondent.

CORBETT, J.—Defendant appeals her conviction for violating RCW 69.50.401(c) (sale of substance in lieu of controlled substance), the so-called "burn" statute.[1]

At the jury trial, Snohomish County Deputy Sheriff Richard D. Cothern testified that on April 6, 1979, while he and his partner were in a Lynnwood tavern, Cothern observed what he thought to be a narcotics transaction

---

[1]RCW 69.50.401(c), effective March 21, 1979, provides:

"It is unlawful, except as authorized in this chapter and chapter 69.41 RCW, for any person to offer, arrange, or negotiate for the sale, gift, delivery, dispensing, distribution, or administration of a controlled substance to any person and then sell, give, deliver, dispense, distribute, or administer to that person any other liquid, substance, or material in lieu of such controlled substance."

between the defendant, who was tending the bar, and the customer seated next to him. Cothern, who was wearing plain clothes, told the defendant that he would be willing to purchase some "speed" if any were available. She indicated that she had some speed for sale, and Cothern requested "a dime's worth" ($10). The defendant went out of sight for about 15 seconds and returned to place four pills wrapped in tissue in front of him, cupping her hand over the pills. Cothern gave the defendant $10, which she placed on her person. The crime lab detected no controlled substances in the four pills.

The information, as orally amended, charged that on or about April 6, 1979, contrary to RCW 69.50.401(c), defendant Mary Ann Prather:

> did offer, arrange or negotiate for the sale or delivery of a controlled substance, to–wit: methamphetamine, commonly known as speed, to R. D. Cothern and did offer, sell, or deliver or distribute to him another substance or material in lieu of such controlled substance.

The defendant denied seeing the officers on April 6, and testified that the alleged incident "did not happen."

The defendant first contends that the jury should have been instructed to find that she either knew she was offering or she intended to offer a controlled substance, and that she either knew she was providing or she intended to provide a different substance. The jury was not instructed as to any element of guilty knowledge or intent. This issue is raised for the first time on appeal.

██ Some of these concerns were recently addressed in *State v. Wilson*, 95 Wn.2d 828, 631 P.2d 362 (1981), where the court held that a defendant's knowledge of the nature of the substance delivered is not an element of the offense defined by RCW 69.50.401(c). If the defendant does not have to know whether she is delivering a controlled or noncontrolled substance, then her intent to deliver one or the other is equally irrelevant in this particular context.

As for defendant's remaining concerns, the *Wilson* court stated:

It is impossible for one to contract for the delivery of a controlled substance without knowing what he is doing, since to contract involves an intentional act. . . . The element of guilty knowledge . . . would be established by proof of the contract to deliver.

*Id.* at 834. However, no error can be predicated on a trial court's failure to give an instruction when no request for such an instruction was made. *State v. Kroll,* 87 Wn.2d 829, 843, 558 P.2d 173 (1976). None of the defendant's proposed instructions mentioned an element of intent or guilty knowledge. In fact, the defendant's proposed elements instruction was similar to the one given, and she concedes that she did not except to that instruction. Her challenge must therefore fail. *See State v. Boyer,* 91 Wn.2d 342, 345, 588 P.2d 1151 (1979).

■■■ The defendant next contends that RCW 69.50-.401(c) is unconstitutionally vague on its face for omitting an element of intent. A penal statute must provide fair notice measured by common practice and understanding of that conduct which is prohibited so that persons of reasonable understanding are not required to guess at its meaning. *State v. Carter,* 89 Wn.2d 236, 239–40, 570 P.2d 1218 (1977). However, a statute may punish conduct alone without making intent an element of the crime, and with respect to some statutorily defined offenses, the court has found an implied element of specific intent or of guilty knowledge. *See State v. Stroh,* 91 Wn.2d 580, 584, 588 P.2d 1182 (1979). Statutes are presumed constitutional. The parties challenging their constitutionality bear the burden of demonstrating impermissible vagueness beyond a reasonable doubt. *Seattle v. Shepherd,* 93 Wn.2d 861, 865–66, 613 P.2d 1158 (1980). The defendant did not meet her burden.

The defendant next contends that RCW 69.50.401(c) violates dues process by failing to define the "any other liquid, substance, or material" delivered in lieu of the controlled substance agreed upon. However, "[i]mpossible standards of specificity" are not required. *Seattle v. Shepherd, supra*

at 866; *Blondheim v. State,* 84 Wn.2d 874, 878, 529 P.2d 1096 (1975). A criminal statute need not set forth with absolute certainty every act or omission which is prohibited if the general provisions of the statute convey an understandable meaning to the average person. *Spokane v. Vaux,* 83 Wn.2d 126, 130, 516 P.2d 209 (1973). In the cited statute, the legislature was obviously concerned with conduct of contracting to deliver a controlled substance and thereafter making a delivery, ostensibly pursuant to that contract, even though the transaction was a "burn" where something other than a controlled substance was delivered. *State v. Wilson, supra* at 834. The challenged language is not unconstitutionally vague.

Finally, the defendant contends that RCW 69.50.401(c) exceeds the scope of the legislature's police power because it defines the sale of a nonnarcotic substance as a crime. A statute is within the scope of the police power if it tends to correct some evil or promote some interest of the State, and if it is reasonably and substantially related to the statutory purpose. *State v. Conifer Enterprises, Inc.,* 82 Wn.2d 94, 96, 508 P.2d 149 (1973). The statute does not make the sale of a nonnarcotic substance a crime; rather it makes the contracting for delivery of a controlled substance, which is completed as a criminal offense by delivery of some substitute, a crime. The risks to public health, safety and welfare from such conduct are obvious and ample justification for legislative action.

Affirmed.

RINGOLD, A.C.J., and WILLIAMS, J., concur.