[No. 5431-4-III.  Division Three.  December 20, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID LEE SIMMONS, *Appellant.*

*Louis D. Fessler,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Howard W. Hansen, Deputy,* for respondent.

MUNSON, C.J.—David Lee Simmons appeals his conviction under RCW 69.50.401(c),[1] *i.e.,* unlawfully offering for sale a controlled substance and then delivering a noncontrolled substance. The issue is whether the trial court erred in refusing to dismiss because Mr. Simmons was not charged under RCW 69.52.030(1),[2] *i.e.,* unlawfully manufacturing, distributing or possessing with intent to distrib-

---

[1]RCW 69.50.401(c):

"(c) It is unlawful, except as authorized in this chapter and chapter 69.41 RCW, for any person to offer, arrange, or negotiate for the sale, gift, delivery, dispensing, distribution, or administration of a controlled substance to any person and then sell, give, deliver, dispense, distribute, or administer to that person any other liquid, substance, or material in lieu of such controlled substance. Any person who violates this subsection is guilty of a crime and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both."

[2]RCW 69.52.030(1) states in pertinent part:

"(1) It is unlawful for any person to manufacture, distribute, or possess with intent to distribute, an imitation controlled substance. Any person who violates this subsection shall, upon conviction, be guilty of a class C felony."

ute, an imitation controlled substance.[3] We affirm.

On July 19, 1982, three undercover officers of the Yakima Police Department noticed a man trying to sell cocaine to two other males. They invited the man, David Lee Simmons, to their table and arranged to buy cocaine for $30. The money was given in exchange for some white powder; Mr. Simmons was immediately arrested. The white powder was found to be aspirin. Mr. Simmons was charged with delivery of a substance in lieu of a controlled substance (cocaine), RCW 69.50.401(c).

Trial was set for September 3, 1982, to be conducted on the stipulated facts above. Mr. Simmons moved to dismiss the charge, arguing he should have been charged under RCW 69.52.030. He argued RCW 69.50.401(c) is intended only to prevent an otherwise authorized practitioner from giving, selling or dispensing a material in lieu of a controlled substance. He further contended RCW 69.52.030 is the State's new "street burn" statute. It, rather than RCW 69.50.401(c), is intended to prevent the sale of a noncontrolled substance.

The court rejected the argument and the motion to dismiss was denied. Mr. Simmons was found guilty on the stipulated facts. He appealed, raising the same arguments.

■ Mr. Simmons is incorrect for two reasons. First, the Legislature is presumed to be familiar with past judicial interpretations of RCW 69.50.401(c). *Woodson v. State*, 95 Wn.2d 257, 623 P.2d 683 (1980); *State v. Turpin*, 94 Wn.2d 820, 620 P.2d 990 (1980).

In *State v. Wilson*, 95 Wn.2d 828, 834, 631 P.2d 362 (1981), the defendant had offered "speed" and provided

---

[3]RCW 69.52.020(3) states in pertinent part:

"(3) 'Imitation controlled substance' means a substance that is not a controlled substance, but which by appearance or representation would lead a reasonable person to believe that the substance is a controlled substance. Appearance includes, but is not limited to, color, shape, size, and markings of the dosage unit."

noncontrolled ephedrine.[4] The *Wilson* case provided this interpretation of RCW 69.50.401(c):

> It is thus evident that the legislature . . . was concerned with the conduct of contracting to deliver a controlled substance and thereafter making a delivery [of a noncontrolled substance], ostensibly pursuant to that contract. Even though the accused may have delivered a substitute substance, thinking it was the one contracted for, his culpability would be no less, for in either case it was his intent to violate the law.

The transaction was made in Wilson's yard; nothing indicates he was an otherwise authorized practitioner. Given the *Wilson* interpretation of RCW 69.50.401(c), we will not assume the Legislature enacted an entire new chapter to deal with the same subject.

Second, the obvious intent of RCW 69.52 is to deal with situations not controlled by RCW 69.50.401(c). Under RCW 69.50.401(c), the State must prove (1) offer of a controlled substance and (2) delivery of a noncontrolled substance. *State v. Wilson, supra; State v. Lauterbach*, 33 Wn. App. 161, 164, 653 P.2d 1320 (1982). Under RCW 69.52.030(1), it is unlawful to "manufacture, distribute, or possess with intent to distribute, an imitation controlled substance."

Legislative findings, RCW 69.52.010,[5] clearly indicate the

---

[4]*See State v. Keating,* 30 Wn. App. 829, 638 P.2d 624 (1981), for a discussion of the difference between controlled and noncontrolled ephedrine.

[5]RCW 69.52.010:

"The legislature finds that imitation controlled substances are being manufactured to imitate the appearance of the dosage units of controlled substances for sale to school age youths and others to facilitate the fraudulent sale of controlled substances. The legislature further finds that manufacturers are endeavoring to profit from the manufacture of these imitation controlled substances while avoiding liability by accurately labeling the containers or packaging which contain these imitation controlled substances. The close similarity of appearance between dosage units of imitation controlled substances and controlled substances is indicative of a deliberate and wilful attempt to profit by deception without regard to the tragic human consequences. The use of imitation controlled substances is responsible for a growing number of injuries and deaths, and the legislature hereby declares that this chapter is necessary for the protection and preservation of the public health and safety."

292

chapter is intended to deal with those who introduce imitation controlled substances "to facilitate the fraudulent sale of controlled substances." Further RCW 69.52.030(5), as it existed in 1982 (Laws of 1982, ch. 171, § 4, p. 688) stated: "This chapter shall not apply to offenses defined and punishable under the provisions of RCW 69.50.401(c)."[6] In enacting RCW 69.52, the Legislature intended to deal with noncontrolled substances differently than under RCW 69.50.401(c).

Mr. Simmons' conduct fell directly within the prohibition of RCW 69.50.401(c). The State correctly charged him; the court correctly denied his motion.

Judgment is affirmed.

GREEN and McINTURFF, JJ., concur.

---

[6]This language was deleted by Laws of 1983, 1st Ex. Sess., ch. 4, § 5, p. 1538.