[No. 6645-2-III.   Division Three.   May 21, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. EDDIE A.,
*Appellant.*

*Arthur J. Bieker*, for appellant (appointed counsel for appeal).

*C. J. Rabideau, Prosecuting Attorney*, and *David Corkrum, Deputy*, for respondent.

MUNSON, J.—Eddie A. appeals his juvenile conviction for unlawfully contracting to deliver a controlled substance and then ostensibly delivering a noncontrolled substance, RCW 69.50.401(c). He contends the State was required to establish the nature of the substance delivered, and the evidence fails to prove this element of the offense. We agree and reverse.

Eddie was charged after he allegedly sold amphetamines, commonly known as speed, to a classmate at a junior high

school. Although he was initially charged with delivery of a controlled substance, the information was amended to allege a violation of RCW 69.50.401(c), the so-called "burn" statute.[1]

During the adjudicatory hearing, the prosecution presented evidence that Eddie had agreed to sell "speed" to a classmate, and later delivered four capsules. Although blood and urine samples had been taken from the purchaser and another young woman, who allegedly swallowed the capsules, the prosecution presented no expert evidence on what substances were discovered in these specimens.[2] However, the girl who purchased the capsules testified: "I was supposed to be buying speed, but it was [P]amprin." The defense objected, claiming this statement lacked foundation and was not responsive to the prosecutor's question. The court rejected the defense's claim the State must prove the identity of the substance actually delivered. Eddie was found guilty. This appeal followed.

Initially, Eddie contends the State must specifically prove delivery of a noncontrolled substance in order to convict under RCW 69.50.401(c). In response, the State argues it need only prove a controlled substance was offered by the accused, and *some* substance was actually delivered pursuant to that offer. We agree with Eddie.

Under the plain language of RCW 69.50.401(c), the State must establish the accused arranged to deliver a controlled substance and then, ostensibly pursuant to that agreement, delivered a noncontrolled substance. *State v. Wilson*, 95 Wn.2d 828, 834, 631 P.2d 362 (1981); *State v. Simmons*, 36 Wn. App. 288, 291, 673 P.2d 879 (1983); *State*

---

[1]It appears the information was amended because the substance allegedly delivered was acetaminophen, which is commonly found in nonprescription pain relievers. In its opening statement, the State refers to the substance as "Actimiacin" which is commonly found in cold capsules.

[2]The State's affidavit of probable cause attached to the original information indicates a laboratory analysis had been performed on these specimens and a chemical content determined; the results were not introduced at trial.

*v. Lauterbach,* 33 Wn. App. 161, 164, 653 P.2d 1320 (1982), *review denied,* 98 Wn.2d 1013 (1983); *State v. Prather,* 30 Wn. App. 666, 670, 638 P.2d 95 (1981). RCW 69.50.401(c) provides in part:

> (c) It is unlawful, except as authorized in this chapter and chapter 69.41 RCW, for any person to offer, arrange, or negotiate for the sale, gift, delivery, dispensing, distribution, or administration of a controlled substance to any person and then sell, give, deliver, dispense, distribute, or administer to that person any other liquid, substance, or material in lieu of such controlled substance.

When RCW 69.50.401(c) is read in conjunction with RCW 69.50.401(a), delivery of a controlled substance, it is clear the two sections describe separate and distinct offenses. Both offenses require proof of the nature of the substance delivered. If the State fails to prove what substance was delivered, it has not established which crime was committed, and thus has not proved the elements for either offense. *State v. Wilson, supra* at 834; *see also People v. Kent,* 49 Ill. App. 3d 1030, 365 N.E.2d 239, 240 (1977), *cert. denied,* 436 U.S. 905, 56 L. Ed. 2d 403, 98 S. Ct. 2236 (1978).[3]

Eddie next contends the evidence fails to establish beyond a reasonable doubt that a delivery occurred, and even assuming such was proved, there was no expert testimony the capsules were a noncontrolled substance. He asserts the victim's nonresponsive statement that the capsules were Pamprin was insufficient to establish the nature

---

[3] In *People v. Kent, supra,* the defendant was charged with a violation of section 404 of the Illinois Controlled Substances Act (Ill. Rev. Stat. ch. 56½, ¶ 1404 (1975)) which provides, in part: "'Except as authorized by this Act, it is unlawful for any person knowingly to deliver or possess with intent to deliver any substance which he represents to be a controlled substance." The court held that proof of the nature of the substance delivered by the accused was not required under this statute. However, the court noted such proof would have been required under the prior section 38 of the Uniform Narcotic Drug Act (Ill. Rev. Stat. ch. 38, § 22–40 (1969)), which provides: "'Whoever agrees * * * to unlawfully sell * * * any narcotic drugs to any person * * * and then sells * * * any non–narcotic liquid, substance or material shall be imprisoned * * *.'" *People v. Kent, supra* at 1032. The latter provision is similar to the language of RCW 69.50.401(c).

of the substance delivered, even if that statement was properly admitted.

In reviewing a challenge to the sufficiency of the evidence to support a conviction, the relevant inquiry is whether, after viewing the evidence most favorably to the State, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. Baeza,* 100 Wn.2d 487, 490, 670 P.2d 646 (1983); *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). Here, there was sufficient evidence to conclude a delivery occurred. The testimony of the girl who purchased the capsules was corroborated by another young woman who witnessed the transaction. The question remains whether there was sufficient evidence that the substance delivered was a noncontrolled substance.

The statement the capsules were Pamprin was not responsive to the prosecutor's question concerning what the girl thought she was purchasing; the defense's objection was timely. However, the record indicates the court did not rule on the objection; neither party inquired further. Contrary to Eddie's assertion, the introduction of expert chemical analysis is not essential to convict; lay testimony and circumstantial evidence may be sufficient to establish the identity of the substance involved in an alleged drug transaction. *In re Reismiller,* 101 Wn.2d 291, 294, 678 P.2d 323 (1984).[4] Such circumstantial proof may include evidence the alleged substance has the same physical characteristics of the substance involved in the transaction, evidence the

---

[4]*See also United States v. Dolan,* 544 F.2d 1219, 1221–22 (4th Cir. 1976); *United States v. Quesada,* 512 F.2d 1043, 1045 (5th Cir. 1975); *United States v. Lawson,* 507 F.2d 433, 438–39 (7th Cir. 1974); *United States v. Gregorio,* 497 F.2d 1253, 1263 (4th Cir. 1974); *United States v. Jones,* 480 F.2d 954, 960 n.4 (5th Cir.), *cert. denied,* 414 U.S. 1071, 38 L. Ed. 2d 476, 94 S. Ct. 582 (1973); *United States v. Atkins,* 473 F.2d 308, 314 (8th Cir.), *cert. denied,* 412 U.S. 931, 37 L. Ed. 2d 160, 93 S. Ct. 2751 (1973); *United States v. Fantuzzi,* 463 F.2d 683, 689 n.7 (2d Cir. 1972); *United States v. Fiotto,* 454 F.2d 252, 254 (2d Cir.), *cert. denied,* 406 U.S. 918, 32 L. Ed. 2d 117, 92 S. Ct. 1769 (1972); *United States v. Agueci,* 310 F.2d 817, 828 (2d Cir. 1962), *cert. denied,* 372 U.S. 959, 10 L. Ed. 2d 12, 83 S. Ct. 1016 (1963); *Toliver v. United States,* 224 F.2d 742, 745 (9th Cir. 1955).

substance did not produce the effects attributable to the controlled substance the accused promised to deliver, and testimony by someone familiar with the illicit drug.

Here, there was no evidence the capsules were in a form in which Pamprin is distributed, or any other corroborative evidence to support the girl's statement the substance was Pamprin. Further, there was no evidence as to the effect, if any, the substance had on the girls. We conclude the mere statement the capsules were Pamprin was insufficient to establish the substance Eddie delivered was a noncontrolled substance. Thus, there was a failure of proof to sustain a finding of guilt.

The juvenile disposition is reversed.

GREEN, C.J., and THOMPSON, J., concur.