[No. 23739-0-I.   Division One.   May 29, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. SIDNEY CARL ANDERSON, *Appellant.*

*Julie A. Kesler* and *Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Cynthia S.C. Gannett, Deputy,* for respondent.

PER CURIAM.—Sidney Anderson appeals his conviction for violating the "burn" statute, RCW 69.50.401(c). The State filed a motion on the merits. A Commissioner of this court granted the motion and affirmed the conviction. Anderson then filed a motion to modify the Commissioner's ruling. We deny the motion to modify and affirm the conviction.

Anderson offered to sell an undercover police officer a substance he identified as cocaine. The officer paid him $20. Analysis of the substance indicated that it was not a controlled substance.

At trial, the criminalist from the State Crime Lab testified that he had performed three tests on the substance,

eliminating 80 to 90 percent of possible controlled substances including cocaine and heroin. Based on these tests, he concluded that no controlled substance was present. He also testified that he did not attempt to determine specifically what the substance was, although he had a good idea, "because it would necessitate a chemical separation, which is rather time–consuming and since no controlled substance was present, I stopped at that point." Anderson was found guilty as charged and sentenced to a standard range sentence of 8 months.

RCW 69.50.401(c), under which Anderson was charged, provides:

> It is unlawful, except as authorized in this chapter and chapter 69.41 RCW, for any person to offer, arrange, or negotiate for the sale, gift, delivery, dispensing, distribution, or administration of a controlled substance to any person and then sell, give, deliver, dispense, distribute, or administer to that person any other liquid, substance, or material in lieu of such controlled substance.

In order to convict under this statute, the State must prove that Anderson offered a controlled substance and that he delivered a noncontrolled substance. *State v. Simmons,* 36 Wn. App. 288, 291, 673 P.2d 879 (1983) (citing *State v. Wilson,* 95 Wn.2d 828, 834, 631 P.2d 362 (1981)).

Anderson relies on *State v. Eddie A.,* 40 Wn. App. 717, 700 P.2d 751 (1985), to support his argument that there was not sufficient evidence to convict him of violating the statute. In *Eddie A.,* at 719, the court stated:

> When RCW 69.50.401(c) is read in conjunction with RCW 69.50.401(a), delivery of a controlled substance, it is clear the two sections describe separate and distinct offenses. Both offenses require proof of the nature of the substance delivered. If the State fails to prove what substance was delivered, it has not established which crime was committed, and thus has not proved the elements for either offense.

(Citations omitted.) Anderson interprets this statement to mean that the State must prove the specific identity of the substance delivered.

■ The Commissioner ruled that this passage means only that the State must prove that the substance was not a

controlled substance, but need not specifically identify the substance delivered. We agree. Later in its opinion, the *Eddie A.* court held that expert chemical analysis is not necessary to convict and that

> lay testimony and circumstantial evidence may be sufficient to establish the identity of the substance involved in an alleged drug transaction. *In re Reismiller,* 101 Wn.2d 291, 294, 678 P.2d 323 (1984). Such circumstantial proof may include evidence the alleged substance has the same physical characteristics of the substance involved in the transaction, evidence the substance did not produce the effects attributable to the controlled substance the accused promised to deliver, and testimony by someone familiar with the illicit drug.

(Footnote omitted.) *Eddie A.,* at 720–21. *See also In re Reismiller,* 101 Wn.2d 291, 678 P.2d 323 (1984) (identity of a controlled substance may be established by the testimony of a prison guard that a hand–rolled cigarette appeared to be marijuana). The *Eddie A.* court held only that the State must prove the substance delivered was not a controlled substance.

Here, the undercover officer testified that Anderson had approached her and offered to sell her rock cocaine. The criminalist testified that the substance was not heroin or cocaine and that he had eliminated 80 to 90 percent of all controlled substances. This was sufficient evidence from which the jury could infer beyond a reasonable doubt that the statute had been violated. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980); *see Jackson v. Virginia,* 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979).

Affirmed.