[No. 31902-7-I.   Division One.   November 14, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. ELVIN ROBERTS, *Appellant*.

*Adam Shapiro* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Susan Lynne Mahoney, Deputy*, for respondent.

PER CURIAM. — A jury found Elvin Roberts guilty of one count of violating RCW 69.50.401(c), the "burn" statute. On appeal, he contends the charging document was constitutionally defective. A commissioner referred the appeal to a panel of judges for accelerated review pursuant to RAP 18.12. We affirm.

To be constitutionally sufficient, a charging document must contain all essential elements of the crime, both statutory and nonstatutory. *State v. Hopper*, 118 Wn.2d 151, 155, 822 P.2d 775 (1992). Because Roberts challenges the information for the first time on appeal, it is liberally construed in favor of validity under the following 2-part test:

> (1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?

(Footnote omitted.) *State v. Kjorsvik*, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991). The first prong of the *Kjorsvik* test is satisfied if there is "some language in the document giving at least some indication of the missing element." *Auburn v. Brooke*, 119 Wn.2d 623, 636, 836 P.2d 212 (1992). Words in a charging document are to be "read as a whole, construed according to common sense, and include facts which are necessarily implied." *Kjorsvik*, 117 Wn.2d at 109. A charging document challenged for the first time on appeal is not constitutionally deficient merely because it is ambiguous or inartfully drawn. *See State v. Wallway*, 72 Wn. App. 407, 413, 865 P.2d 531 (1994).

Roberts was charged with violating RCW 69.50.401(c), which provides in pertinent part:

> It is unlawful . . . for any person to offer, arrange, or negotiate for the sale . . . of a controlled substance to any person and then sell, give, deliver, dispense, distribute, or administer to that person any other liquid, substance, or material in lieu of such controlled substance.

The elements of the offense are (1) an offer to deliver a controlled substance and (2) delivery of a noncontrolled substance. *State v. Anderson*, 58 Wn. App. 135, 136, 791 P.2d

557 (1990); *State v. Simmons*, 36 Wn. App. 288, 291, 673 P.2d 879 (1983).

On appeal, Roberts contends that the information in this case completely omitted the requirement that the substance delivered be a noncontrolled substance. He asserts that the omitted element is a "nonstatutory" element that "was added by judicial interpretation", thereby implying that an information based on the language of RCW 69.50.401(c) necessarily fails to include all essential elements of the offense. However, none of the authorities cited by Roberts for this proposition addresses whether the two elements of the offense are statutory or nonstatutory. For the reasons set forth below, we find that an information drawn in the language of RCW 69.50.401(c), by fair construction, alleges both elements of the offense.

The information charging Roberts alleged in pertinent part that he

> unlawfully and feloniously did offer, arrange, or negotiate the sale, gift, or delivery of cocaine, a controlled substance, to Officer Peterson, and did then deliver another substance, liquid, or material in lieu of such controlled substance . . ..

Except for identifying the specific controlled substance offered and the person to whom it was to be delivered, the charge essentially tracked the language of RCW 69.50.401(c). Roberts maintains that the information alleged only that he delivered a substance other than cocaine and thereby failed to include the requirement that the delivered substance be noncontrolled. However, this construction is not persuasive when the language is read in context.

A commonsense reading of the allegation that Roberts delivered "another *substance* . . . in lieu of such controlled substance" is reasonably understood as referring back to "a controlled substance", rather than to "cocaine". (Italics ours.) The reasonable import of the charging language is therefore that Roberts arranged to deliver a controlled substance and delivered another substance in lieu of a controlled substance, *i.e.*, a noncontrolled substance. The first prong of the *Kjorsvik* test is therefore satisfied. *Cf. State v. Eddie A.*, 40

Wn. App. 717, 718, 700 P.2d 751 (1985) ("[u]nder the plain language of RCW 69.50.401(c)," delivery of a noncontrolled substance is an element of offense).

Roberts has not alleged that he was prejudiced by the charging language. We therefore do not address the second prong of the *Kjorsvik* test.

In summary, a fair construction of the information, which charged the offense in the language of the statute, conveyed all essential elements of a violation of RCW 69.50.401(c); Roberts has not alleged any prejudice resulting from the charging language. Accordingly, the information was not constitutionally defective.

Judgment affirmed.

Review denied 126 Wn.2d 1011 (1995).