TAPPIN'S JEWELRY STORES, INCORPORATED, PLAINTIFF-RESPONDENT, v. MARY ROSNER AND IRVING HARRIS, PARTNERS, TRADING AS CITY LOAN COMPANY, DEFENDANTS-APPELLANTS.

Submitted May 26, 1933—Decided September 27, 1933.

For the defendants-appellants, *Rossbach & Crummy* (*Adam J. Rossbach*).

For the plaintiff-respondent, *Harry Steiner*.

The opinion of the court was delivered by

BODINE, J. The defendants appeal from a judgment whereby the plaintiff recovered possession of a diamond ring. The plaintiff had sold a ring to one Watson under a conditional sales agreement which was duly filed. Watson pledged the ring with the defendants who were pawnbrokers. The appellant contends that because the conditional sales agreement is called a lease that it was not a conditional sales agreement and, therefore, could not be filed under the act.

It is perfectly unnecessary for us to determine whether the agreement, partaking somewhat of the nature of a conditional sales agreement (2 *Cum. Supp. Comp. Stat., p.* 3129) is such agreement or a lease. If the former, it was duly filed and the conditional vendor was protected. If the latter, Watson still lacked title to the ring and the pledgee's right could rise no higher than the source.

"As against the true owner, the pawnee acquires no right to retain possession, as security for the loan of an article

pawned without the former's knowledge, consent or authority." 48 *Corp. Jur.* 564, § 23. "The true owner is entitled to possession of the chattel pawned by an unauthorized bailee without repaying the pawnee the amount advanced by him to the pawner." 48 *Corp. Jur.* 565, § 24 B.

In 1931 (*Pamph. L., p.* 728) the legislature of this state enacted a law "An act to license pawnbrokers and regulate their business as such." Section 30 of this act provides as follows: "A pawnbroker shall have a first lien on all pledges for the amount of his loan and interest in all cases except where the pledging or possession thereof by the pledgor constituted proven larceny at the common law, or except where a prior lien exists by virtue of any other statute."

If the legislature intended thereby to alter the common law rule respecting personal property, in order to give to the pawnbroker a lien for his advance in every case, except when there was a proven larceny at the common law, we do not think they accomplished their purpose.

The Constitution provides: "To avoid improper influences which may result from intermixing in one and the same act such things as have no proper relation to each other every law shall embrace but one object and that shall be expressed in the title." Article 4, section 7, subdivision 4.

If section 30 of the act regulating pawnbrokers confers rights against the true owner of improperly pledged goods not previously existing it contravenes the constitution, because there is nothing in the title of the act that so much as suggests that a change is being made in the fundamental law of private property. If it did not do this the defendants have no greater rights than they had at common law.

The judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.