[No. 179-2.  Division Two.  October 23, 1970.]

MICHAEL D. STUTZ, *Respondent,* v. WILLIAM MOODY *et al., Appellants.*

*Read & Church* and *Brian H. Wolfe,* for appellants.

*Boettcher, LaLonde, Kleweno, Lodge & Ladley* and *William C. Boettcher,* for respondent.

ARMSTRONG, C. J.—Defendants Mr. and Mrs. William Moody appeal from a judgment for personal injuries sus-

tained by plaintiff Michael D. Stutz. This case was tried to the court without a jury.

The 14-year-old plaintiff was walking home from school at about 5:20 p.m. on December 1, 1966 when he was struck from behind by defendants' automobile, driven by Mr. Moody. He was walking with his back to vehicular traffic proceeding in the same direction. Although there is some dispute as to whether the boy was on the highway or on the graveled shoulder of the road, there was substantial evidence that he was on the shoulder of the road.

The accident occurred near Vancouver, Washington on Northeast 99th Street, which is a quite narrow blacktop road with gravel shoulders on each side. There were no paved sidewalks or curbs near the spot where the accident occurred. There was substantial evidence that school children and other pedestrians walked only on that same side of the highway irrespective of their direction of travel.

Several factors made it more practical to walk on the side of the highway on which the plaintiff was struck. That side had a considerably wider gravel shoulder and there were no obstructions if a pedestrian wished to step clear of traffic. The gravel shoulder on the other side was much narrower, averaging about 2 to 3 feet at the point where the accident occurred. There was a ditch overgrown with brush running along the edge of the gravel shoulder. On some portions of the shoulder there was a steep bank across the ditch. This left only a small margin of safety between the hazards of the ditch and the approaching vehicles.

It had been raining very hard in the afternoon and the roads were still quite wet. The defendant testified that as he approached the point of the accident he was momentarily blinded by the lights of an approaching vehicle coming over a small rise and that he did not see the plaintiff at any time before impact. The first indication that something was amiss was when he heard his vehicle hit an object and saw a shadowy figure passing over the right fender of his car. The defendant then immediately applied the brakes and brought his car to a halt. The investigating officer testified

that skid marks commenced in the gravel shoulder about 6 feet beyond where the boy's body came to rest.

The defendant has raised two issues on this appeal. Primarily, he contends that plaintiff was contributorially negligent as a matter of law because he was walking with his back to traffic in violation of RCW 46.61.250(2). That section of the rules of the road requires that "any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the roadway or its shoulder facing traffic". His second contention is that the trial court erred in finding that the defendant was negligent and that the plaintiff was free from contributory negligence.

The appellate courts have not had the occasion to interpret RCW 46.61.250 since its enactment in 1965. It reads as follows:

Pedestrians on roadways. (1) Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.

(2) Where sidewalks are not provided any pedestrian walking along and upon a highway shall, *when practicable*, walk only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction and upon meeting an oncoming vehicle shall step clear of the roadway.

(Italics ours.)

■ We do not agree with defendant's contention that subsection (2) creates a mandatory requirement that pedestrians must walk on the left side of the roadway or its shoulder facing oncoming traffic under all circumstances. The words "when practicable" lead us to conclude that the legislature envisioned circumstances where it might be more dangerous to walk on the left side of the highway facing oncoming traffic.

Whether it was practicable to walk only on the left side of the road facing oncoming traffic is a question of fact to be decided by the trier of fact. There was substantial evidence and inferences from the evidence from which the trial court could logically determine that under the circum-

stances of this case it would not be practicable to walk on the left side of the highway facing the oncoming traffic.

The second issue relates to the validity of the trial court's findings that defendant was negligent and the plaintiff was free from contributory negligence. The plaintiff testified that he was walking on the gravel shoulder just before the accident although he could not remember being hit. The defendant testified that as near as he could remember he was still on the blacktop at the time of the impact. The investigating officer testified that the skidmarks commenced in the gravel only 6 feet beyond where the boy's body came to rest. A reasonable inference could be that one driving on the blacktop at about 25 miles per hour could not get over on the gravel shoulder in such a short period of time or space. We conclude from a review of all the testimony that there was substantial evidence to support the trial court's findings on negligence and contributory negligence.

An appellate court does not retry factual issues. Where a finding of fact is challenged its examination of the record goes no further than to determine whether there is substantial evidence to sustain the trial court's findings. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

The judgment is affirmed.

PEARSON and PETRIE, JJ., concur.