[No. 45926.   En Banc.   July 10, 1980.]

THE CITY OF SEATTLE, *Appellant,* v. JAMES
W. SHEPHERD, *Respondent.*

THE CITY OF SEATTLE, *Appellant,* v. SEATTLE
MUNICIPAL COURT, *Respondent.*

---

862

*Douglas N. Jewett, City Attorney,* and *P. Stephen DiJulio, Assistant,* for appellant.

*Martiss Riley Anderson* and *Sinsheimer, Meltzer & Gelbart,* by *Ronald J. Meltzer,* for respondents.

STAFFORD, J.—This is a consolidated appeal of cases in which defendants were charged with theft pursuant to Seattle Criminal Code § 12A.08.220(1)(a). The trial court dismissed all cases. We accepted direct review pursuant to RAP 4.2 and reverse the trial court.

James Shepherd, Sam Stusser and Sam Sloy (defendants at the trial level) own or operate pawnshops in Seattle. Each openly obtained property in pawn transactions. When it later developed the pawned property had been stolen, all refused to return the property to the rightful owners until reimbursed for the pawn fees. The owners refused to pay.

Defendant Shepherd was charged and convicted on two counts of theft under Seattle Criminal Code § 12A.08-.220(1)(a). He appealed to the King County Superior Court which dismissed the charge on two grounds: first, the theft ordinance was unconstitutionally vague as applied to his conduct; and second, he had an affirmative defense of "good faith claim to title" pursuant to § 12A.08.220(2). The trial

court refused to sign proposed findings of fact and conclusions of law, ruling that a dismissal at the close of the City's case did not fall within the mandate of CrR 6.1(c).

Defendants Stusser and Sloy were charged with similar theft violations. In municipal court each defendant moved to dismiss, contending the theft ordinance was unconstitutionally vague as applied to their conduct. In support of their motions both cited the Superior Court's ruling in Shepherd. The municipal court dismissed the theft charges. On writ of review, the Superior Court upheld the lower court.

The Shepherd, Stusser and Sloy cases have been consolidated for direct review by this court. Four issues are raised, each of which will be dealt with separately.

I

CONSTITUTIONALITY OF THE THEFT ORDINANCE AS APPLIED TO DEFENDANTS' CONDUCT.

The City contends Seattle Municipal Code § 12A-.08.220(1)(a) is not unconstitutionally vague as applied to defendants' conduct. We agree.

Section 12A.08.220(1) provides that "[a] person is guilty of theft if: (a) he *steals* the property of another . . ." Insofar as relevant, § 12A.08.210(10)(a) defines "steal" as "to knowingly obtain or exert unauthorized control over the property of another with intent permanently to deprive him of such property". In turn, § 12A.08.210(4) defines "'[o]btains or exerts unauthorized control' over property" as

> *includes but is not necessarily limited to* conduct heretofore defined or known as common law larceny by trespassory taking, common law larceny by trick, larceny by conversion, embezzlement, extortion, or obtaining property by false pretenses.

(Italics ours.) Defendants contend the phrase "exerts unauthorized control" as defined above renders the theft statute void for vagueness when applied to the instant facts.

■■ The requirement that a criminal statute or ordinance be definite is based on two considerations. First, it must provide fair notice, "measured by common practice and understanding, of that conduct which is prohibited, so that persons of reasonable understanding are not required to guess at the meaning of the enactment." *State v. Foster,* 91 Wn.2d 466, 474, 589 P.2d 789 (1979); *State v. Carter,* 89 Wn.2d 236, 240, 570 P.2d 1218 (1977). Second, it must contain ascertainable standards for adjudication, so that police, judges, and juries are not free to decide what is prohibited and what is not, depending on the facts in each particular case. *Seattle v. Rice,* 93 Wn.2d 728, 612 P.2d 792 (1980); *State v. Carter, supra; Seattle v. Drew,* 70 Wn.2d 405, 423 P.2d 522, 25 A.L.R.3d 827 (1967); *Grayned v. Rockford,* 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294 (1972).

It should be noted that defendants do not assert the ordinance is unconstitutionally vague *on its face.* A statute or ordinance is facially unconstitutional when its very language fails to adequately specify what activity is prohibited. *Bellevue v. Miller,* 85 Wn.2d 539, 541, 536 P.2d 603 (1975). In such cases, the factual setting is irrelevant and courts will look to the face of the enactment to determine whether any conviction based thereon could be upheld.

A different analysis is employed where, as here, an ordinance is challenged as unconstitutionally vague as applied. In such cases, the factual setting of the case is critical. *Bellevue v. Miller, supra* at 542. Once the facts are ascertained, the court must determine whether the ordinance provides the defendant with "fair warning of the criminality of his own conduct", *Parker v. Levy,* 417 U.S. 733, 756, 41 L. Ed. 2d 439, 94 S. Ct. 2547 (1974), and whether the statute presents the danger of an *ad hoc* determination of guilt resulting from inadequate statutory guidelines. *Bellevue v. Miller, supra* at 542.

We also note that in any constitutional challenge, statutes and ordinances are presumed constitutional. *State v. Stroh,* 91 Wn.2d 580, 588 P.2d 1182 (1979). A defendant has the burden of demonstrating impermissible vagueness

beyond a reasonable doubt. Further, "[i]mpossible standards of specificity" are not required. *Blondheim v. State,* 84 Wn.2d 874, 878, 529 P.2d 1096 (1975).

Defendants were charged with theft for allegedly having "obtain[ed] or exert[ed] unauthorized control over the property of another . . ." § 12A.08.210(10)(a). The City contends this language, standing alone, is sufficiently certain to withstand defendants' constitutional challenge. However, the language of § 12A.08.210(10)(a) is defined by § 12A.08.210(4) to include both specifically enumerated types of larceny as well as conduct within a catchall phrase which provides: "includes but is not necessarily limited to" the enumerated larcenies. Legislative definitions generally control in construing the statutes and ordinances in which they appear. *Childers v. Childers,* 89 Wn.2d 592, 575 P.2d 201 (1978). Accordingly, the constitutional sufficiency of the language "obtain or exert unauthorized control" turns on the adequacy of the definition provided in the ordinance.

The definition of "theft" provided in §§ 12A.08.220, 12A.08.210(10) and 12A.08.210(4) consolidates into a single offense a number of heretofore distinct and well recognized property crimes such as common–law larceny by trespassory taking, common–law larceny by trick as well as larceny by conversion, embezzlement, extortion, and obtaining property by false pretenses. Each of these specific property crimes has a well settled meaning and scope. Accordingly the use of those specific terms provides both fair notice of proscribed conduct and ascertainable standards for their adjudication.

The trial court ruled as a matter of law, however, that defendants' conduct did not fall within any of the enumerated types of larceny. The City did not assign that ruling as error and thus defendants contend their conduct must fall within the catchall provision of § 12A.08.210(4). As a matter of law this is incorrect. Defendants' conduct constitutes larceny by conversion, one of the enumerated forms of larceny.

■ Where, as here, there is no conflict in the testimony and the sole question on appeal concerns the proper legal conclusions to be drawn from the undisputed evidence, this court has the duty to determine for itself the proper conclusions of law to be drawn from the evidence in the case. *Peeples v. Port of Bellingham,* 93 Wn.2d 766, 613 P.2d 1128 (1980); *Shultes v. Halpin,* 33 Wn.2d 294, 205 P.2d 1201 (1949). In the instant case, defendants apparently acquired the property without knowledge it was stolen. The record clearly indicates, however, the individuals subsequently claiming the property were the rightful owners. Upon a demand for their property, defendants refused to return it unless the pawn fee was first paid.

■ The law is settled that, as against the true owner, the pawnbroker acquires no right to retain possession, as security for the loan, of an article pawned without the knowledge, consent or authority of the owner. *Tappin's Jewelry Stores, Inc. v. Rosner,* 111 N.J.L. 301, 168 A. 676 (1933); *Brown v. S. & G. Gross & Co.,* 13 N.Y.S.2d 1020 (1939); *Gordetsky v. Cohen,* 20 N.J. Super. 11, 89 A.2d 84 (1952); 70 C.J.S. *Pawnbrokers* § 8, at 192 (1951). The true owner is entitled to possession of the chattel pawned by an unauthorized pawnor without repaying the pawnbroker the amount advanced by him to the pawnor. *Swesnik Loan Co. v. Courtney,* 291 Ill. App. 549, 10 N.E.2d 512 (1937); *Tappin's Jewelry Stores, Inc. v. Rosner, supra;* 70 C.J.S. *Pawnbrokers* § 8. Defendants' unwillingness to return the pawned property to the rightful owners constitutes an intentional withholding or appropriation of the property for the pawnbrokers' own use to the exclusion of the true owners' rights. Such conduct amounts to larceny by conversion. *See People v. Scott,* 72 Mich. App. 16, 248 N.W.2d 693 (1976); *People v. Gill,* 12 Mich. App. 383, 163 N.W.2d 14 (1968). *See also State v. Snow,* 65 Wash. 353, 118 P. 209 (1911).

Defendants' constitutional challenge must fail. As applied to their conduct, the theft ordinance provides both fair notice and ascertainable standards for adjudication.

## II
### AFFIRMATIVE DEFENSE OF GOOD FAITH
### CLAIM OF TITLE

As noted previously, the Shepherd theft charges were dismissed on the alternate ground that defendant had an affirmative defense of "good faith claim of title". Section 12A.08.220(2) provides:

> In *any* prosecution under this section 12A.08.220, it is an affirmative defense that the property or services were openly obtained under a claim of title made in good faith, even though the claim be untenable.

(Italics ours.)

Shepherd contends that since he openly *obtained* the stolen property under good faith claim of title, he has an affirmative defense to the theft prosecution which is based on *his subsequent refusal to return* the property to its rightful owner. On the other hand, the City contends that where, as here, a pawnbroker recognizes title in the rightful owner and refuses to return the property unless the pawn fee is first paid, the affirmative defense is inapplicable. We agree.

■ As noted previously, the ordinance defines theft as "to knowingly obtain or exert unauthorized control over the property of another . . ." § 12A.08.210(10)(a). Thus, where a person is charged with theft for "knowingly *obtain[ing]* . . . unauthorized control", it is an affirmative defense that the property was "openly *obtained* under a claim of title made in good faith . . ." A different case is presented, however, where a defendant "knowingly . . . *exert[s] unauthorized control over the property* of another with intent . . ." "to restore it to the owner only if the owner . . . pays a reward or other compensation for its return . . ." §§ 12A.08.210(10)(a), (6)(c) and .220(2). In such a case, it is irrelevant that the property was originally obtained by the defendant under good faith claim of title. Theft occurs because the pawnbroker refuses to *return* the

property to the rightful owner unless the owner pays the pawn fee.

Although § 12A.08.220(2) states the affirmative defense applies to "*any* prosecution" under § 12A.08.220, the specific limitation within the section itself belies such an overboard application. *In re Lehman*, 93 Wn.2d 25, 604 P.2d 948 (1980). Accordingly, we conclude the trial court in Shepherd erred in dismissing the theft prosecution on the alternate ground of "good faith claim of title".

## III
## Due Process

Shepherd contends his prosecution violates due process of law because it requires him, by threat of criminal sanction, to relinquish property in his possession without a prior determination of ownership. The trial court rejected this contention, no cross appeal was taken from that ruling and Shepherd did not assign the ruling as error. Accordingly, the City asserts defendant is precluded from raising the issue on appeal. We do not agree. The traditional rule relied upon by the City does not apply where the alleged error affects a fundamental constitutional right. RAP 2.5. Nevertheless, upon review, we conclude defendant's due process contention is without merit.

Pursuant to §§ 12A.08.210(10)(a) and (6)(c), the City must prove beyond a reasonable doubt that defendant knowingly exerted unauthorized control over the property of another and intended to restore it to the owner only if the owner paid compensation for its return. Accordingly, before a defendant can be convicted of theft under the above cited provisions, the City must prove the claimant was the owner of the property and that the defendant knew said claimant was the owner. Since the challenged criminal proceedings provide both notice and an opportunity to be heard on the issues of the ownership of the property, defendant's due process rights have not been violated.

## IV
### FAILURE TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW

In Shepherd, the trial court dismissed the theft charges at the close of the City's case. It refused, however, to enter findings of fact and conclusions of law after concluding the dismissal was not a proceeding subject to CrR 6.1(c). We agree.

Where a cause has been dismissed at the close of the plaintiff's case, no findings of fact or conclusions of law need be entered. *Cochran v. Nelson,* 26 Wn.2d 82, 173 P.2d 769 (1949); *Wise v. Vaughan,* 160 Wash. 505, 295 P. 126 (1931); *Lamar v. Anderson,* 71 Wash. 314, 128 P. 672 (1912). The trial court's decision not to enter findings of fact and conclusions of law is affirmed.

The trial court's decision to dismiss the three cases is reversed, and the causes are remanded for trial consistent with this opinion.

UTTER, C.J., and ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

Reconsideration denied September 4, 1980.