[No. 6033–1–III. Division Three. December 13, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. JEFFREY
SCOTT MARSHALL, *Appellant.*

*Rick L. Hoffman* and *Dobbs, Moore & Kirkevold,* for
appellant.

*L. E. Hanson, Prosecuting Attorney,* and *John S. Blo-
nien, Deputy,* for respondent.

McINTURFF, J.—Jeffrey Marshall appeals his first degree
manslaughter conviction in juvenile court. He challenges

the constitutionality of the manslaughter statute, as applied to juveniles, and the sufficiency of the evidence to support his conviction. We affirm.

Jeffrey Marshall and Richard Notter were 15 and 16 years old respectively, and best friends. On the evening of March 8, 1983, while the boys were upstairs in Mr. Notter's bedroom, Mr. Notter was shot and killed. Mr. Marshall was charged with first degree manslaughter and tried as a juvenile.

Many of the facts were undisputed and were established by Mr. Marshall's testimony: Specifically, after the boys went to Mr. Notter's bedroom, Mr. Notter took his .303 caliber rifle, placed a live round of ammunition in the chamber, and pointed the gun at Mr. Marshall. He then pointed the weapon away from Mr. Marshall and demonstrated it would not fire by pulling the trigger. Mr. Marshall stated he did not know until the day before trial that a rifle will not discharge if the safety mechanism is engaged. Mr. Notter next placed the rifle on the bed beside Mr. Marshall, took a ceremonial sword which also belonged to him and brandished it within a foot of Mr. Marshall's face. Mr. Marshall checked the rifle, saw that there was still a live round in the chamber, and told Mr. Notter the gun was loaded. Mr. Notter taunted him to pull the trigger, assuring him nothing would happen. The gun discharged, fatally wounding Mr. Notter.

Mr. Marshall challenges findings of fact 2.7, 2.9 and 2.12, in which the court stated Mr. Marshall pointed the gun in Mr. Notter's general direction, placed his index finger inside the trigger guard, then jerked back in response to some stimulus, perhaps Mr. Notter's actions. On appeal, Mr. Marshall maintains he never pointed the weapon at Mr. Notter, and that Mr. Notter caused him to jerk back by brandishing the sword over him. He also assigns error to finding of fact 2.11, wherein the court notes that about the time Mr. Marshall picked up the rifle, "or shortly before, [he] . . . indicated that the gun shouldn't be pointed at another person . . . [because] 'that's how people get

killed.'" Mr. Marshall testified his statement was made earlier, before Mr. Notter had demonstrated the weapon would not fire. He argues his knowledge of the risk was dispelled by the later demonstration.

The juvenile court concluded Mr. Marshall's actions were done with disregard of a known substantial risk that the gun might discharge, that his disregard of the risk was a gross deviation from the standard of conduct of a reasonable 15–year–old, and that he was guilty of first degree manslaughter.

First, Mr. Marshall contends the manslaughter statute is void for vagueness. We disagree.

The Legislature revised the criminal code, effective 1976, in its 1975 first extraordinary session. That act is codified in RCW Title 9A and its several chapters. RCW 9A.32-.060(1)(a) provides that a person is guilty of manslaughter in the first degree when: "[h]e recklessly causes the death of another person . . ." RCW 9A.08.010(1)(c) defines "recklessness":

> A person is reckless or acts recklessly when he knows of and disregards a substantial risk that a wrongful act may occur and his disregard of such substantial risk is a gross deviation from *conduct that a reasonable man would exercise in the same situation.*

(Italics ours.) Mr. Marshall asserts that these statutes do not adequately notify juveniles of prohibited acts because they do not contain a standard by which to assess juvenile accountability.[1] In his view, the omission gives the police and the judges impermissible discretion in enforcement of the statutes. *Cf. Seattle v. Shepherd,* 93 Wn.2d 861, 865, 613 P.2d 1158 (1980) (criminal statutes must be definite). However, his argument ignores the fact that the statute *does* contain a definite standard, *i.e.,* that of a reasonable

---

[1]Mr. Marshall attacks RCW 9A.32.070(1), defining second degree manslaughter, and RCW 9A.08.010(1)(d), defining criminal negligence, on the same basis. Because he was convicted of first degree manslaughter, our analysis addresses the statutes pertinent to that charge. The same analysis would apply in the case of second degree manslaughter.

man in the same situation as the defendant. RCW 9A.08-.010(1)(c). The question is whether the Legislature intended the standard to be used in juvenile as well as adult prosecutions.

In the same act where the Legislature defined manslaughter it also established a rebuttable presumption that children 8 to 12 years of age are incapable of committing crimes. RCW 9A.04.050. By implication, children over 12 years have criminal capacity. Under rules of statutory construction, "each part or section [of a statute] should be construed in connection with every other part or section so as to produce a harmonious whole." 2A N. Singer, *Statutory Construction* § 46.05, at 90 (4th ed. 1984). *See also State v. Turner*, 98 Wn.2d 731, 734, 658 P.2d 658 (1983). Since the statutes defining the age of criminal capacity, recklessness, and first degree manslaughter are all within the revised act noted above, sections of chapter 260 of the laws passed by the Washington Legislature in 1975, first extraordinary session, we presume the Legislature intended the reasonable man standard of RCW 9A.08.010(1)(c) apply to juveniles over 12. Accordingly, Mr. Marshall's argument that these statutes are void for vagueness fails.

However, our holding does not mean a 15–year–old boy must act as a reasonable adult or risk a criminal conviction. The standard set forth in RCW 9A.08.010(1)(c) is that of a reasonable man "in the same situation." The objective standard of reasonableness entails a certain flexibility. For example, the jury is instructed in self–defense cases that the defendant may employ the same force "a reasonably prudent person would use under the same or similar conditions as they appeared to the slayer at the time." WPIC 16.02 and cases cited therein. In manslaughter cases, the juvenile status of a defendant is part of his situation and relevant to a determination of whether he acted reasonably. The trial court here recognized this, and correctly judged Mr. Marshall's actions in terms of his age.

Second, Mr. Marshall argues the Superior Court's use of the standard of a reasonable 15–year–old was subjective

without expert testimony concerning his experience and maturity. We find no error. The standard of conduct of a reasonable 15–year–old is an objective standard, within the ken of the average fact finder, as is the standard of conduct of a reasonable adult. Expert testimony is neither needed nor required.

Third, Mr. Marshall maintains the findings vary from his testimony, contrary to the court's promise at trial that it would accept the veracity of his statement.[2] Our review of the record indicates that the findings accurately reflect Mr. Marshall's testimony.

Finally, Mr. Marshall asserts the evidence does not establish the essential elements of first degree manslaughter beyond a reasonable doubt. We disagree.

 A person commits first degree manslaughter when he recklessly causes the death of another. RCW 9A.32.060. Recklessness involves knowledge of a substantial risk. RCW 9A.08.010(1)(c); *State v. Hansen,* 30 Wn. App. 702, 705–06, 638 P.2d 108 (1981). The trial court found the essential element of knowledge based on the following:

> I think a reasonable 15–year–old would not accept the proposition that just because . . . the victim demonstrated that . . . [the] trigger could be pulled without firing [it] would justify him taking the gun into his possession, pointing the gun in the direction of the victim . . .
>
> He said he knew it was dangerous to fool around with a loaded weapon. He knew it was loaded. He checked it just moments before it was fired. . . .

When viewed in the light most favorable to the prosecution, there is sufficient evidence for a rational trier of fact to find

---

[2]His argument is based on the following sequence of events: On cross examination, the prosecution went beyond the scope of direct and questioned Mr. Marshall about a truth serum interview he underwent. When Mr. Marshall's attorney moved for a continuance in order to secure the testimony of the doctors who were present at the interview, the court suggested instead that it "accept the proposition that the sodium amitol interview was properly administered; that the interview was conducted and that the outcome of the interview is as the witness has said it was . . . [T]hat is, that he [Mr. Marshall] was not lying: the only detail it filled in was a jerking motion . . ." The defense agreed to the court's proposal.

beyond a reasonable doubt that Mr. Marshall was aware of the risk presented by pointing the loaded rifle at his companion, but disregarded that risk. *See State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

The judgment of the Superior Court is affirmed.

MUNSON, C.J., and GREEN, J., concur.