263 P.3d 1287 (2011)
STATE of Washington, Respondent,
v.
Susan Kay LOHR, Appellant.
No. 41213-6-II.
Court of Appeals of Washington, Division 2.
October 18, 2011.
Lise Ellner, Attorney at Law, Vashon, WA, for Appellant.
Sara I. Beigh, Lewis County Prosecutor's Office, Chehalis, WA, for Respondent.
*1288 VAN DEREN, J.
¶ 1 Susan Lohr appeals the trial court's denial of her motion to suppress evidence discovered in her purse during the execution of a premises search warrant at a location she was only visiting. Lohr contends that the search violated both the Fourth Amendment[1] and article I, section 7 of the Washington State Constitution because she was not named in the search warrant[2] and because the purse was readily recognizable as belonging to her. We reverse Lohr's conviction and remand to the trial court to enter an order suppressing the evidence the police seized from her purse.

FACTS
¶ 2 On December 30, 2009, a Centralia Police Department special weapons and tactics team executed a premises search warrant at a local residence. The purpose of the search warrant was to locate evidence of the crimes of delivery of marijuana and possession of marijuana with intent to deliver. Centralia Police Officer David Clary remained outside for security purposes, while other officers went inside to conduct the search. Later, Clary entered the residence and saw Lohr, who did not live at the residence, among the several individuals present; she was sitting on a couch approximately seven feet from Clary.
¶ 3 A second officer, who had been inside during the search, informed Clary that Lohr was free to leave. Lohr asked Clary for her boots and pants, which were seven to eight feet away behind Clary, and Clary gave them to her. While retrieving those items, Clary noticed a "medium size" purse sitting with her boots and pants and asked Lohr whether the purse also belonged to her. Report of Proceedings (RP) (July 21, 2010) at 14. Lohr responded that the purse was hers and that she wanted to take it with her. Prior to handing the purse to Lohr, Clary searched the purse and found Lohr's identification card and several syringes, one of which contained a substance later determined to be methamphetamine.
¶ 4 The State charged Lohr with one count of unlawful possession of a controlled substance, to wit: methamphetamine. She unsuccessfully moved to suppress the evidence that Clary seized during his search of her purse.
¶ 5 At the suppression hearing, Clary testified that the purse was "wide open" as he handed it to Lohr, and that he looked inside it to check for any means of identifying the purse's owner and to ensure that the purse did not contain weapons. RP (July 21, 2010) at 8. Clary observed several items in the purse, including an identification card and "multiple hypodermic needles." RP (July 21, 2010) at 7. After removing the identification card from the purse and reading it, Clary determined that it bore Lohr's name and photograph. RP (July 21, 2010) at 7.
¶ 6 Clary then continued to search the purse for weapons and observed a syringe with a substance later determined to be methamphetamine. Clary did not testify at the suppression hearing that he recognized the syringes as being commonly associated with illegal drug use, but Lohr does not raise this issue on appeal.
¶ 7 Lohr testified that, when the officers arrived at the residence, she was sleeping on the couch and her boots, purse, and jeans were "right next to [her] where [she] could reach [her] hand over and grab them when [she] was laying [sic] down sleeping." RP (July 21, 2010) at 18.
¶ 8 After a stipulated facts bench trial, the trial court found Lohr guilty as charged. She appeals.

ANALYSIS
¶ 9 Lohr contends that the trial court erred in denying her motion to suppress the evidence seized from her purse because Clary unlawfully searched her purse in violation *1289 of the Fourth Amendment of the federal constitution and article I, section 7 of our state constitution. The State contends that Clary lawfully searched the purse because it was not readily recognizable as Lohr's personal property and, thus, was a part of the premises subject to the search warrant. We agree with Lohr, reverse her conviction, and remand for suppression of the evidence taken from the purse.

I. STANDARDS REVIEW
¶ 10 When reviewing a trial court's denial of a suppression motion, we review its findings of fact for whether substantial evidence supports them and whether its findings support its conclusions of law. State v. Garvin, 166 Wash.2d 242, 249, 207 P.3d 1266 (2009). Substantial evidence exists where there is a sufficient quantity of evidence in the record to persuade a fair-minded, rational person of the truth of the finding. State v. Hill, 123 Wash.2d 641, 644, 870 P.2d 313 (1994). Unchallenged findings of fact are verities on appeal. Hill, 123 Wash.2d at 644, 870 P.2d 313. We defer to the fact finder on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. State v. Thomas, 150 Wash.2d 821, 874-75, 83 P.3d 970 (2004), abrogated impart on other grounds by Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We review the trial court's conclusions of law de novo. Garvin, 166 Wash.2d at 249, 207 P.3d 1266.

II. FINDINGS OF FACT UNSUPPORTED BY SUBSTANTIAL EVIDENCE
¶ 11 Lohr assigns error to the following findings of fact:
1.16 The purse was not immediately recognizable as belonging to [Lohr].
1.17 The purse was open. . . . Clary looked inside to see if there was any identification to show who the purse belonged to. . . . Clary also wanted to ensure that the purse did not contain a weapon.
1.18 Inside the purse . . . Clary saw an identification card that had [Lohr]'s picture and information. Also inside the purse were several syringes that . . . Clary recognized as being commonly used for ingesting drugs.
Clerk's Papers (CP) at 24. Lohr's arguments do not address findings of fact 1.17 and 1.18.[3] We do not consider assignments of error not supported by argument or reference to the record. RAP 10.3(a)(6). But Lohr's arguments generally and extensively address finding of fact 1.16, i.e., whether her purse was readily recognizable as belonging to her. We find her arguments persuasive that her purse was readily recognizable as hers and not subject to the search warrant.
¶ 12 Our decision in State v. Worth, 37 Wash.App. 889, 683 P.2d 622 (1984), is instructive about whether Lohr's purse was readily recognizable as belonging to her. In Worth, law enforcement officers obtained an arrest warrant for an individual and a warrant to search his premises and person. 37 Wash.App. at 890, 683 P.2d 622. The warrant authorized the seizure of items related to a series of pharmacy robberies, "including clothing, cosmetics, weapons, and narcotics." Worth, 37 Wash.App. at 890, 683 P.2d 622. Worth was not identified as the subject of the search warrant. Worth, 37 Wash.App. at 890-91, 683 P.2d 622. Worth was sitting in a chair when law enforcement officers executed the warrant; a purse rested against her chair. Worth, 37 Wash.App. at 891, 683 P.2d 622. An officer searched the purse for weapons and discovered a tin canister containing white tablets. Worth, 37 Wash.App. at 891, 683 P.2d 622.
¶ 13 Another officer led Worth into a different room for questioning and took along the purse. Worth, 37 Wash.App. at 891, 683 *1290 P.2d 622. After Worth refused to consent to the officer's searching the purse, the officer emptied the purse of its contents, searched the purse's inner compartments, and discovered a "bindle of cocaine." Worth, 37 Wash. App. at 891, 893-94, 683 P.2d 622.
¶ 14 On appeal, Worth argued that the second search of her purse was unlawful. Worth, 37 Wash.App. at 891, 683 P.2d 622. We observed, "[I]t was apparent to officers conducting the search that Worth's purse was not just another household item which police could search by virtue of their warrant to search the premises of Folkerts'[s] house. Because Worth's purse rested against the chair on which she was seated, it was clear that she owned the purse." Worth, 37 Wash. App. at 893, 683 P.2d 622.
¶ 15 The State cites Hill to support its argument that Lohr's purse was not readily recognizable as belonging to her. In Hill, law enforcement officers executed a premises warrant that named no individuals and authorized a search of a house for "narcotics and related paraphernalia." 123 Wash.2d at 643, 870 P.2d 313. The officers found Hill and a woman in the bedroom; they determined that the woman occupied the home, although Hill did not. Hill, 123 Wash.2d at 643, 870 P.2d 313. When another officer entered the bedroom, Hill "was standing naked at the foot of the bed, already handcuffed." Hill, 123 Wash.2d at 643, 870 P.2d 313.; When the officer sought to take Hill into the living room, which law enforcement officers had swept for weapons and contraband, Hill asked the officer for a pair of sweatpants that were laying on the floor six feet from Hill. Hill, 123 Wash.2d at 643, 870 P.2d 313. Before giving Hill the sweatpants, the officer patted them down for weapons. Hill, 123 Wash.2d at 643, 870 P.2d 313. Then, in order to search for weapons, identification, and contraband, the officer slowly pulled the sweatpants' pockets inside-out, where he discovered small crumbs of rock cocaine. Hill, 123 Wash.2d at 643, 870 P.2d 313.
¶ 16 In an undisputed finding of fact the trial court stated, "`Although there was some evidence that the sweatpants were defendant's, it [wa]s not clear that this was obvious to the officer before he searched the pants; the pants were on the floor near the door and not obviously associated with the defendant.'" Hill, 123 Wash.2d at 647, 870 P.2d 313 (quoting Hill Clerk's Papers at 39-40). On appeal, Hill argued that the sweatpants were an "`immediately recognizable item of personal effects.'" Hill, 123 Wash.2d at 647, 870 P.2d 313 (quoting Hill Opening Brief of Appellant at 15). But our Supreme Court observed that Hill did not assign error to any of the trial court's findings of fact and, thus, they were verities on appeal. Hill, 123 Wash.2d at 644, 647, 870 P.2d 313. Accordingly, our Supreme Court concluded that "it [wa]s undisputed that the [sweat]pants were not clearly associated with [Hill]." Hill, 123 Wash.2d at 647, 870 P.2d 313.
¶ 17 Unlike in Hill, where our Supreme Court relied on Hill's failure to challenge the trial court's specific finding of fact that his sweatpants were not obviously associated with him, here, Lohr assigned error to the trial court's finding that her purse was not immediately recognizable as hers. Thus, Hill is distinguishable.
¶ 18 Here, as in Worth, it was clear before Clary searched the purse that it was Lohr's purse with her jeans and boots. Despite the fact that Lohr's purse was not located next to her but was seven to eight feet away, it was next to her clothing and was clearly associated with her. As we observed in Worth:
We do not believe that the purpose of the Fourth Amendment is furthered by making its application hinge on whether an individual happens to be holding or wearing such a personal item as a purse when a search is under way. A narrow focus on whether a person is holding or wearing a personal item would tend to undercut the purpose of the Fourth Amendment and leave vulnerable readily recognizable personal effects, such as Worth's purse, which an individual has under his control and seeks to preserve as private. In the case at bench the officers did readily recognize the purse belonged to . . . Worth and asked her consent to search it. The court found, however, that consent was not given, and the State does not challenge that finding.
*1291 37 Wash.App. at 893, 683 P.2d 622 (citations omitted). Similarly here, the State does not challenge the trial court's findings that "[Lohr] requested her boots and her pants," "Clary retrieved [Lohr]'s boots and pants," and the purse was "sitting with [her boots and pants]." CP at 24. Moreover, the record contains no indication that Clary questioned Lohr's ownership of the boots and pants before returning them to her. Lohr's purse was located with her boots and pants, which were recognizable as her personal effects, and it follows that her purse was also readily recognizable as her personal effect. Furthermore, Lohr claimed the purse when Clary asked whether it was hers; and, after Lohr claimed the purse, Clary saw an identification card with Lohr's name on it when he looked inside the purse. Thus, substantial evidence does not support the trial court's finding of fact 1.16 that "[t]he purse was not immediately recognizable as belonging to [Lohr]." CP at 24.

III. CONCLUSIONS OF LAW ERRONEOUS AND UNSUPPORTED BY FINDINGS
¶ 19 Lohr also assigns error to the following trial court's conclusions of law:
2.2 Pursuant to . . . Hill, . . . the purse is considered to be another household item because it was not associated with a particular person. . . . Clary therefore [wa]s permitted to look inside the purse in order to determine ownership and to determine if there were any weapons present prior to giving the purse to [Lohr]
2.3 . . . Clary was not searching the purse for the purpose of gathering evidence.
2.4 . . . Clary was conducting a lawful search when he discovered the syringes in [Lohr]'s purse.
CP at 25 (italics added) (underline omitted).
¶ 20 The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST. amend. IV. Article I, section 7 of the Washington State Constitution provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law."[4]
¶ 21 Under a premises search warrant, law enforcement officials may search the premises owner's personal effects, provided those effects are plausible repositories for the objects named in the warrant. Hill, 123 Wash.2d at 643, 870 P.2d 313. A premises warrant "merely gives law enforcement officials permission to detain occupants while they conduct the search." Worth, 37 Wash. App. at 892, 683 P.2d 622. But, a premises warrant does not authorize an officer to conduct a personal search of individuals found at the premises or a search of the personal effects that individuals are wearing or holding. Hill, 123 Wash.2d at 643-44, 870 P.2d 313; see also Worth, 37 Wash.App. at 892, 683 P.2d 622. Furthermore, "Fourth Amendment protections extend to `readily recognizable personal effects . . . which an individual has under his control and seeks to preserve as private.'" Hill, 123 Wash.2d at 647, 870 P.2d 313 (alteration in original) (quoting Worth, 37 Wash.App. at 893, 683 P.2d 622).
¶ 22 As we discuss above, Lohr's purse was readily recognizable as her personal effect. The relevant question in premises searches is whether an item belongs to an individual not named in the warrant and, thus, whether the item is "not just another household item" subject to the warrant. Worth, 37 Wash.App. at 893, 683 P.2d 622. Accordingly, if an item is readily recognizable as belonging to an individual not named in the warrant, the item is not within the warrant's scope.
¶ 23 Whether the defendant controlled the item and whether the defendant tried to maintain the item's privacy are factors that aid in determining if an item was readily *1292 recognizable as belonging to someone not named in a premises warrant; but these are not independently dispositive factors. Were we to hold otherwisei.e., that an item was readily recognizable as belonging to someone not named in the warrant, but nonetheless the search was lawful because the unnamed person did not control the item or failed to take further steps to maintain the item's privacy (including tasking the officer to stop the search)we would turn on its head the concept of requiring consent to a search otherwise unauthorized by law. Accordingly, we hold that because Lohr's purse was readily recognizable as her personal effect, Clary unlawfully searched her purse.
¶ 24 Furthermore, although the trial court found that Clary searched Lohr's purse for weapons as well as for identification, the State provides no argument or citation to authority that a concern for officer safety justified the purse search here.[5] Because the purse was immediately recognizable as Lohr's and, thus, its search was unauthorized by the premises search warrant, and because the State fails to establish another exception to the warrant requirement, it fails to meet its burden to justify the warrantless search of Lohr's purse. See State v. Afana, 169 Wash.2d 169, 177, 233 P.3d 879 (2010) (the State always bears the burden of establishing an exception to the warrant requirement). Thus, the trial court's conclusions of law 2.2 and 2.4 that Clary was conducting a legal search for weapons are erroneous and the seized evidence must be suppressed.[6]
¶ 25 We reverse and remand for suppression of the evidence discovered during the search of Lohr's purse and for further proceedings.
We concur: HUNT and JOHANSON, JJ.
NOTES
[1] U.S. CONST. amend. IV.
[2] The record does not contain this warrant. Lohr argues that the warrant did not name her, and the State does not contend that the warrant named her. Defense counsel also argued before the trial court that the warrant did not name Lohr or otherwise refer to her. Thus, the parties do not contest that the warrant did not name Lohr.
[3] Despite Lohr's failure to explain how the record fails to support findings of fact 1.17 and 1.18, we note that our review of the record shows that Clary testified at the suppression hearing that the purse was open, that he looked inside it to search for identification and weapons, and that he observed Lohr's identification card inside the purse, which supports most of the findings. Clary's testimony does not, however, support that portion of finding 1.18 stating that Clary recognized the syringes as associated with drug use. But Lohr's failure to support her assignment of error to finding of fact 1.17 and 1.18 precludes our further analysis of the issue and reliance on the record regarding these findings.
[4] "It is well settled that article I, section 7 of the Washington State Constitution provides greater protection to individual privacy rights than the Fourth Amendment." State v. Jones, 146 Wash.2d 328, 332, 45 P.3d 1062 (2002). Although Lohr cites this proposition in her brief, she does not make a specific argument for greater protection under Washington's constitution. Thus, we do not reach the issue: of whether article I, section 7 provides greater protection here. See State v. Wethered, 110 Wash.2d 466, 475, 755 P.2d 797 (1988).
[5] Had Clary felt the purse without searching it and discovered that it contained an object that might be a weapon, he may have had a basis for further investigation, but those facts are not before us.
[6] Lohr also challenges conclusion of law 2.3, stating that Clary did not search Lohr's purse for evidence. But it is supported by the trial court's finding of fact 1.17 that Clary searched the purse for purposes of identifying its owner and checking it for weapons. As we discuss above, because Lohr fails to support her challenge to this finding with her arguments we do not expressly review this challenge. Thus, finding of fact 1.17 supports conclusion of law 2.3. The trial court did not err in entering this conclusion.