FILED
COURT OF APPEALS
DIVISION II

2014 DEC 16 AM 8:36

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 45912-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| R.H., | |
| Appellant. | |

MAXA, J. — RH[1] appeals his juvenile court conviction for third degree possession of stolen property. RH argues that the State failed to present sufficient evidence that he knew the property was stolen and that he possessed the property knowing it was stolen. We disagree, and affirm.

## FACTS

Four fishing poles were stolen from Kitty Harding's front porch in the early morning of July 31, 2013. Harding later identified two of the fishing poles scattered throughout the neighborhood in broken pieces. The other two fishing poles were never recovered.

The State charged RH with third degree possession of stolen property. At the fact finding adjudication hearing in juvenile court, Harding and three other witnesses placed

---

[1] RH and several other witnesses are minors. We refer to them by their initials in order to protect their privacy.

RH at the scene of the crime. One of the witnesses testified that RH took one of the fishing poles and another witness testified that RH handled the stolen fishing poles.

Harding testified that before the fishing poles were stolen, she observed RH and three other juveniles in her front yard at approximately 1:30 AM on July 31. She asked them multiple times to leave her yard.

CS testified that he was with RH on the night at issue, and that RH took one of the fishing poles. He also testified that he saw RH with the fishing poles and saw RH throw one of them.

CR testified that he was with RH and the group of juveniles on the night of July 30 and the morning of July 31. CR testified that the whole group was present when the fishing poles were stolen, and that he saw RH handle at least one of the fishing poles. CR testified that he (CR) knew the poles were stolen.

FV testified that he was with the group, including RH, when the fishing poles were stolen. FV testified that RH did not encourage anyone to take the fishing poles and that RH was "kind of scared, like he wanted to leave." Verbatim Report of Proceedings at 52.

After the hearing, the juvenile court found RH guilty of third degree possession of stolen property. The juvenile court entered written findings of fact stating that (1) RH was on Harding's property with other juveniles without Harding's permission, (2) Harding's fishing poles were stolen, (3) CS saw RH with the fishing poles after they left Harding's property, (4) RH did not own the fishing poles, and (5) RH knew that the fishing poles had been stolen but retained them despite his knowledge. RH appeals.

ANALYSIS

RH argues that there was insufficient evidence to support his conviction for third degree possession of stolen property. Specifically, RH contends that the juvenile court's finding that RH knew the fishing poles were stolen is not supported by substantial evidence. We disagree.

The test for determining the sufficiency of the evidence is whether, after viewing the evidence and all reasonable inferences from it in the light most favorable to the State, a rational trier of fact could find each element of the crime proved beyond a reasonable doubt. *State v. Rose*, 175 Wn.2d 10, 14, 282 P.3d 1087 (2012). A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. *Rose*, 175 Wn.2d at 14. Credibility determinations are made by the trier of fact and not subject to review. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014). Circumstantial and direct evidence are equally reliable. *Miller*, 179 Wn. App. at 105.

In reviewing a juvenile court adjudication, we must decide whether substantial evidence supports the trial court's findings of fact and, in turn, whether the findings support the conclusions of law. *State v. B.J.S.*, 140 Wn. App. 91, 97, 169 P.3d 34 (2007). Unchallenged findings of fact are verities on appeal. *State v. Lohr*, 164 Wn. App. 414, 418, 263 P.3d 1287 (2011).

To convict RH of third degree possession of stolen property, the State had to prove that (1) RH possessed stolen property worth less than $750, (2) knowing it was stolen. RCW 9A.56.140, .170. RH challenges only the juvenile court's finding that he knew the fishing poles were stolen when he handled them. However, both CR and FV

3

45912-4-II

testified that RH was with the group when someone from the group stole Harding's fishing poles. CS testified that RH himself took one of the fishing poles. This testimony provides substantial evidence that RH knew the fishing poles were stolen.

The juvenile court's findings in turn support the legal conclusion that RH is guilty of third degree possession of stolen property. The juvenile court's unchallenged findings of fact established that the fishing poles were stolen and that RH possessed them. And, as noted above, the juvenile court's finding that RH knew the fishing poles were stolen is supported by substantial evidence. Therefore, the juvenile court's findings of fact establish all the essential elements of third degree possession of stolen property.

The State presented sufficient evidence to support RH's conviction for third degree possession of stolen property. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

LEE, J.