FILED
COURT OF APPEALS
DIVISION II

2015 JUL 21 AM 9: 29

STATE OF WASHINGTON
BY _____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　　Respondent,<br><br>　v.<br><br>MARK FRANCIS DODGE, II,<br><br>　　　　　　　　Appellant. | No. 46439-0-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, P.J. — Mark Dodge appeals his bench trial conviction for theft of a motor vehicle. He argues that the State failed to present sufficient evidence to support his conviction. We affirm.

## FACTS

Ryan Hudson and Michael Elliott were moving a piece of exercise equipment from the rear of Hudson's pickup. Dodge approached Hudson's pickup, opened the passenger door, and stated, "[T]hat's my shit," before closing the door and walking over to the driver's side. Clerk's Papers (CP) at 48. Dodge then entered the pickup, started the ignition, and attempted to drive away. Dodge appeared confused at the time.

Police officers arrived at the scene. When officers told Dodge that he was under arrest for theft of the pickup, Dodge responded by saying, "[I]t's all part of the game man [and] it is what it is." CP at 49 (alteration in original). At trial, Dodge waived his right to a jury and proceeded to a bench trial. The witnesses testified as described above. Dodge testified that he

was not in the right state of mind and believed the truck to be his own. The trial court entered written findings of fact that Dodge, without Hudson's permission, entered the pickup with the intent to deprive Hudson of the same. Accordingly, the trial court found Dodge guilty of theft of a motor vehicle. Dodge appeals.

## ANALYSIS

Dodge argues that the evidence is insufficient to prove theft of a motor vehicle because the State failed to disprove Dodge's good faith claim of title defense. The State responds that Dodge did not raise this defense at trial and that the unchallenged findings of fact prove the necessary elements of theft of a motor vehicle beyond a reasonable doubt. We hold that the trial court considered Dodge's defense and that the findings of fact support Dodge's conviction.

### I. STANDARD OF REVIEW

The State is required to prove each element of the crime charged beyond a reasonable doubt. U.S. CONST. amend XIV; *State v. Mau*, 178 Wn.2d 308, 312, 308 P.3d 629 (2013). Sufficiency of evidence in a bench trial is reviewed for "whether substantial evidence supports the challenged findings of fact and whether the findings support the trial court's conclusions of law." *State v. Smith*, 185 Wn. App. 945, 956, 344 P.3d 1244 (2015).

Unchallenged findings of fact are verities on appeal. *State v. Lohr*, 164 Wn. App. 414, 418, 263 P.3d 1287 (2011). Dodge does not assign error to any finding of fact, thus the findings of fact are verities on appeal. *Lohr*, 164 Wn. App. at 418.

### II. GOOD FAITH CLAIM OF TITLE

Dodge argues that the State failed to present sufficient evidence to disprove his defense of a good faith claim of title. We disagree.

2

A good faith claim of title is a statutory affirmative defense to the charge of theft. RCW 9A.56.020(2)(a); *City of Seattle v. Shepherd*, 93 Wn.2d 861, 868, 613 P.2d 1158 (1980). The defense negates the element of intent by providing that a defendant cannot be guilty of theft if he took the property openly and avowedly under a claim of title made in good faith. RCW 9A.56.020(2)(a); *State v. Ager*, 128 Wn.2d 85, 95, 904 P.2d 715 (1995). The good faith belief must be based on a factual or legal basis and not merely on a defendant's subjective belief. *State v. Chase*, 134 Wn. App. 792, 805-806, 142 P.3d 630 (2006). Once the defense is raised, the State is obligated to disprove the defense beyond a reasonable doubt. *State v. Hawkins*, 157 Wn. App. 739, 747, 238 P.3d 1226 (2010).

Dodge did not argue a good faith claim of title defense below, but he did testify that he was not in the right state of mind and believed the truck to be his own. And the trial court's findings of fact reveal that the court considered Dodge's good faith claim of title defense and determined that the State had disproven the defense beyond a reasonable doubt:

> 1.7 The defendant, after wrongfully obtaining the vehicle, intended to deprive the true owner of his vehicle.
>
> . . . .
>
> 1.16 The vehicle driven by the defendant to Lewis County was not the same make or model as Mr. Hudson's vehicle.
>
> 1.17 The defendant's vehicle was a sedan, while the vehicle taken by the defendant was a pickup.
>
> 1.18 The defendant's sedan was later located in the Chehalis Library parking lot and the vehicle was not close in description to the truck taken by the defendant.

CP at 49.

It is clear that the court considered the testimony of all witnesses and determined that the State had met its burden to disprove Dodge's defense. Accordingly, we hold that the State

No. 46439-0-II

presented sufficient evidence to disprove Dodge's good faith claim of title defense. The trial court's findings of fact support Dodge's conviction and we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Maxa, J.

Melnick, J.

4