# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48831-1-II |
| Respondent, | |
| v. | |
| STEVEN WAYNE TOWER, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Steven Wayne Tower appeals his conviction for unlawful possession of a controlled substance—methamphetamine. We conclude that the trial court did not err by denying Tower's motion to suppress because the initial stop of Tower and his search incident to arrest were valid. We do not consider Tower's pretextual stop argument because it is not preserved. We affirm.

## FACTS

On December 3, 2015, Lewis County Sheriff Deputy Richard VanWyck observed Tower walking east along the side of a road, State Route 308, in the same direction as the traffic. The road had two lanes and no sidewalks or shoulders.

VanWyck contacted Tower for violating "Pedestrians on roadways," RCW 46.61.250. VanWyck pulled his car over and activated his lights. VanWyck asked Tower for his driver's license, but Tower did not have one. Tower told VanWyck his name. VanWyck told Tower he needed to walk on the other side of the roadway, facing traffic. Tower crossed the road and

continued walking. Meanwhile, VanWyck returned to his car, ran a warrant check, and learned that Tower had an active arrest warrant.

VanWyck then recontacted Tower and detained him while dispatch confirmed the warrant. After dispatch confirmed the warrant, VanWyck arrested Tower and searched him incident to arrest. VanWyck found a small baggie that had a powdery substance in the right front coin pocket of Tower's jeans. The substance field tested positive for methamphetamine.

The State charged Tower with unlawful possession of a controlled substance— methamphetamine.

Tower moved to suppress the methamphetamine discovered by VanWyck because the deputy seized the evidence pursuant to a warrantless search and seizure and without reasonable suspicion.

After a suppression hearing, the trial court denied Tower's motion to suppress and entered findings of fact and conclusions of law. The trial court concluded that the stop of Tower was valid because he committed a traffic infraction, and the identification, detention, and arrest by VanWyck were justified. The trial court also concluded that VanWyck's discovery of methamphetamine resulted from a valid search incident to arrest.

After a trial, the jury found Tower guilty of unlawful possession of a controlled substance— methamphetamine. Tower appeals.

ANALYSIS

I. MOTION TO SUPPRESS

Tower argues that the trial court erred by denying his motion to suppress because VanWyck's initial stop was pretextual under *State v. Ladson*, 138 Wn.2d 343, 349, 979 P.2d 833 (1999). Tower claims VanWyck violated his state and federal constitutional rights because the

search and seizure were without lawful authority. Tower assigns error to finding of fact 1.5 and all of the trial court's conclusions of law. He argues that finding of fact 1.5 is not supported by substantial evidence.

We conclude that the trial court did not err by denying Tower's motion to suppress because the initial stop was lawful and thus, the subsequent arrest and search incident to arrest were lawful.

A.      STANDARD OF REVIEW

We review a trial court's denial of a suppression motion in two parts. *State v. Lohr*, 164 Wn. App. 414, 418, 263 P.3d 1287 (2011). We first review whether the trial court's findings of fact are supported by substantial evidence and whether the findings support the court's conclusions of law. *Lohr*, 164 Wn. App. at 418. Substantial evidence is evidence sufficient to convince a reasonable person of the truth of the trial court's finding. *Lohr*, 164 Wn. App. at 418. Unchallenged findings of fact are verities on appeal. *Lohr*, 164 Wn. App. at 418. We defer to the fact finder on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. *Lohr*, 164 Wn. App. at 418. We review the trial court's conclusions of law de novo. *Lohr*, 164 Wn. App. at 418.

B.      SUBSTANTIAL EVIDENCE SUPPORTS CHALLENGED FINDING OF FACT

Tower challenges finding of fact 1.5 which stated, "Deputy VanWyck knew that it was illegal for a person to be walking along the side of the road in the same direction as traffic. According to Deputy VanWyck, a person is to walk along the side of the road facing traffic." Clerk's Papers at 14.

At the suppression hearing VanWyck testified that he contacted Tower to identify him and to advise him he needed to walk on the other side of the road, facing traffic. We conclude that substantial evidence supports this finding of fact.

C.    CONCLUSIONS OF LAW SUPPORTED BY FINDINGS OF FACT

Next, we consider whether the challenged conclusions of law are supported by the findings and whether the trial court erred by denying Tower's motion to suppress.

1.    Initial Stop

Tower argues that VanWyck's initial stop was unlawful because he did not commit a traffic infraction and the stop was pretextual for running a warrant check. We disagree.

First, we determine whether the trial court erred by concluding Tower committed a traffic infraction. RCW 46.61.250(2) states:

> Where sidewalks are not provided any pedestrian walking or otherwise moving along and upon a highway shall, when practicable, walk or move only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction and upon meeting an oncoming vehicle shall move clear of the roadway.

Pedestrian offenses are designated as traffic offenses. RCW 46.61.230. In addition, "Whenever any person is stopped for a traffic infraction, the officer may detain that person for a reasonable period of time necessary to identify the person, check for outstanding warrants, . . . and complete and issue a notice of traffic infraction." RCW 46.61.021(2)

Tower cites to *Stutz v. Moody*, 3 Wn. App. 457, 459, 476 P.2d 548 (1970), to support his argument that he did not commit a traffic offense by walking with the flow of traffic because he was only required to do so when practicable. In *Stutz*, a boy was walking on the shoulder of a road when Moody's car struck him from behind. 3 Wn. App. at 458. The boy had been walking with traffic and had his back to oncoming vehicles. *Stutz*, 3 Wn. App. at 458. In this civil case the court concluded that the statute did not create a mandatory requirement that pedestrians always walk on the shoulder facing oncoming traffic. *Stutz*, 3 Wn. App. at 459. The court reasoned that the words "when practicable" referred to the existence of some "circumstances where it might be

more dangerous to walk on the left side of the highway facing oncoming traffic." *Stutz*, 3 Wn. App. at 459. However, whether it was practicable for someone to walk on the side of the road facing traffic is a question of fact for the trier of fact. *Stutz*, 3 Wn. App. at 459.

Here, no evidence existed that it would be impracticable for Tower to have walked facing the oncoming traffic. In fact, after VanWyck told Tower to walk on the other side of the road, Tower proceeded to do so. Accordingly, we conclude that the trial court did not err by concluding Tower committed an infraction. More precisely, we conclude that VanWyck had probable cause to believe that Tower committed a traffic infraction,

Second, conclusion of law 2.1 stated VanWyck conducted a valid stop of Tower. Tower did not argue that the stop was pretextual before the trial court. A party generally waives the right to appeal an error absent an objection before the trial court. RAP 2.5(a). A purpose of the rule is to allow the trial court to correct any error called to its attention, thus avoiding needless appeals and retrials. *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009). In addition, the State may have presented other evidence to counter an argument that the stop was pretexual and thus unlawful. Accordingly, we do not consider whether the stop was pretextual because Tower did not preserve the issue for appeal.

We conclude that the trial court's conclusion that the initial stop was lawful was supported by its findings of fact. Consequently, the trial court did not err in denying Tower's motion to suppress.

### 2. Search Incident to Arrest

Tower argues that because the initial stop by VanWyck was unlawful, the search incident to arrest was also unlawful. We disagree.

As previously discussed, VanWyck lawfully stopped Tower. Therefore, we examine whether the subsequent warrantless search was lawful. The trial court concluded that VanWyck's discovery of methamphetamine followed a lawful search incident to an arrest. A warrantless search is per se unreasonable, unless it fits within one of the "'jealously and carefully drawn exceptions.'" *State v. Hendrickson*, 129 Wn.2d 61, 70, 917 P.2d 563 (1996) (internal quotation marks omitted) (quoting *State v. Houser*, 95 Wn.2d 143, 149, 622 P.2d 1218 (1980)). "These exceptions include exigent circumstances, consent, searches incident to a valid arrest, inventory searches, the plain view doctrine, and *Terry*[1] investigative stops." *York v. Wahkiakum Sch. Dist. No. 200*, 163 Wn.2d 297, 310, 178 P.3d 995 (2008) (internal quotation marks omitted). The State bears the burden of showing that the search and seizure was supported by a warrant or an exception to the warrant requirement. *Hendrickson*, 129 Wn.2d at 71. The fruits of an unconstitutional search and seizure must be suppressed. *Ladson*, 138 Wn.2d at 359.

Here, VanWyck discovered an arrest warrant for Tower. VanWyck arrested Tower pursuant to that warrant. Then, incident to the arrest, VanWyck searched Tower. Searches incident to an arrest are a recognized exception to the warrant requirement. Therefore, the trial court's conclusions of law are supported by and flow from the findings of fact. The court did not err in denying the suppression motion.

---

[1] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

48831-1-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Johanson, P.J.

_____
Sutton, J.